RALPH A. SMITH v. AUGUST C. FITING AND CHARLES H. FITING.

*Tax-title no Defense to Purchase-Money Mortgage.*

The omission to record a deed does not divest the grantee's title.

An adverse tax-title cannot be pleaded as a defense to a purchase-money mortgage where no claim under it has been made against the mortgagor.

A grantee with warranty who has given a purchase-money mortgage may perhaps, on foreclosure, set up the attempted enforcement of a valid subsisting antecedent mortgage, and to avoid circuity of action, claim the deduction of the amount thereof, but when such a defense or equitable set-off is pleaded, it must be satisfactorily proven, and the amount to be deducted must be certain.

Certain land that had been sold for unpaid taxes of 1856 was conveyed in 1872 with a warranty against encumbrances, and the grantees returned a purchase-money mortgage. A purchaser under the tax-title had also mortgaged the premises, and the grantees claim to have been put to expense to perfect their title in other respects. On foreclosure of the purchase-money mortgage, the existence of the adverse tax-title and of the antecedent mortgage was alleged as a defense, and the right was claimed to detain the purchase money to the extent to which damages would be recoverable upon the covenants. *Held,* that if the grantees were entitled to any such damages, they must resort to the covenants in their deed.

Appeal from Saginaw. Submitted June 7. Decided June 20.

BILL OF FORECLOSURE. The facts are in the opinion.

*D. W. C. Gage* for complainant and appellee, to the point that defendants should have either affirmed or disaffirmed their contract at once on discovering fraud, and in the latter case tendered a reconveyance, cited *Jewett v. Petit*, 4 Mich., 508; *Wilbur v. Flood*, 16 Mich., 40; *Hubbardston Lumber Co. v. Bates*, 31 Mich., 158. A purchaser of land who has paid in part, and given his bond and mortgage for the rest of the price, and is in undisturbed possession, will not, in the absence of fraud, be relieved by defects of title from the payment of the bond, or from proceedings on the mortgage. *Bumpus v. Platner*, 1 Johns. Ch., 213; *Abbott v. Allen*, 2 Id., 519; *Johnson v. Gere*, 2 Id., 546; *Edwards v. Bodine*, 26 Wend., 108; *Withers v. Morrell*, 3 Edw. Ch., 560; *Leggett v. M'Carty*, 2 Id., 124; *Griswold v. Atlantic Dock Co.*, 21 Barb., 225; *Farnham v. Hotchkiss*, 2 Keyes, 9; *Miller v. Avery*, 2 Barb. Ch., 582; *Hulfish v. O'Brien*, 20 N. J. Eq., 230; 1 Hilliard on Mortg., 616–618. Entire failure of title is no defense on foreclosure. *Rogers v. Place*, 29 Ind., 580.

*Wm. H. Sweet* and *Wm. A. Clark* for defendants and appellants, claiming that when a covenant against encumbrances is broken the purchaser is entitled to detain the purchase money to the extent to which he would be entitled to recover damages upon the covenants, and need not restore possession before making such defense, cited Rawle on Covenants of Title, 111, 137, 673, 687–8; *Morris v. Buckley*, 11 S. & R., 168; *Funk v. Voneida*, Id., 109; *Christy v. Reynolds*, 16 Id., 258; *Tod v. Gallagher*, Id., 261; *Ives v. Niles*, 5 Watts, 323; *Poyntell v. Spencer*, 6 Pa. St., 256; *Luckett v. Triplett*, 2 B. Mon., 39; *Bowen v. Thrall*, 28 Vt., 382; Dart on Vendors, 381; *Prescott v. Trueman*, 4 Mass., 630; *Reasoner v. Edmundson*, 5 Ind., 393; *Bean v. Mayo*, 5 Greenl., 94; *Shearer v. Ranger*, 22 Pick., 447; *Norton v. Babcock*, 2 Met., 510; *Potter v. Taylor*, 6 Vt., 676; *Richardson v. Dorr*, 5 Vt., 9; *Garrison v. Sandford*, 7 Halst. (N. J.), 261; *Wyman v. Ballard*, 12 Mass., 304;

*Stewart v. Drake,* 4 Halst., 139; *Tufts v. Adams,* 8 Pick., 547, 549; *Chapel v. Bull,* 17 Mass., 220. The damages resulting from a breach of this covenant is an equitable set-off. 2 Hilliard on Mortg., 181; *Irving v. De Kay,* 10 Paige, 319; *Rawson v. Copland,* 3 Barb. Ch., 166; *Everson v. Kirtland,* 4 Paige, 628; Waterman on Set-off, 416. A covenant of seizin is broken as soon as made, if the covenantor has no title, *Catlin v. Hurlburt,* 3 Vt., 407; *Tapley v. Labeaume,* 1 Mo., 552; *Griffin v. Fairbrother,* 10 Me., 95; *Hacker v. Storer,* 8 Greenl., 232; *Bickford v. Page,* 2 Mass., 455; *Caswell v. Wendell,* 4 Mass., 108; *Greenby v. Wilcocks,* 2 Johns., 1; *Hamilton v. Wilson,* 4 Id., 72; *Abbott v. Allen,* 14 Id., 248; *Innes v. Agnew,* 1 Ohio, 386, even if there is no eviction, *Mitchell v. Hazen,* 4 Conn., 495; *Pollard v. Dwight,* 4 Cr., 430; *Lot v. Thomas,* 1 Pennington (N. J.), 407; *Duval v. Craig,* 2 Wheat., 62, n.

MARSTON, J. Complainant commenced proceedings in the circuit court for the county of Saginaw in chancery for the foreclosure of a mortgage dated March 9th, 1872, given by defendants to secure payment of their promissory notes of even date therewith.

Defendants in their answer admit the giving of the notes and mortgage,—which were given for a part of the purchase price of the lands described in the mortgage. And as a defense they set up that at the time they purchased the land, complainant falsely and fraudulently represented to them and claimed that he was the owner in fee simple of the land conveyed by him to them; that it was free from all encumbrances and that his title thereto was perfect. That relying upon such representations they purchased the land, gave said notes and mortgage to complainant and received from him his warranty deed therefor which contained the usual covenants of seizin and against incumbrances. They then alleged that the representations were false; that he had no title to the land and never did have, and that the lands had been sold prior to 1859 by the State for delinquent taxes, and that one of the parties who after-

wards claimed title thereto under this tax deed had mortgaged the lands for $50. They also allege that they expended considerable money in obtaining the original title to said lands from one James M. Stoddard, and they claim that complainant should not be permitted to enforce payment of said notes until he should make good his representations and perfect their title to the lands, and that the amount they have expended in attempting to perfect their title, as well as all damages they have sustained because of a breach of the covenants of the deed should be deducted from the amount of the mortgage debt.

Defendants shortly after purchasing the land entered into possession thereof and still hold possession of the same.

The charge of false representations made by complainant at the time of the purchase is not sustained. We are not satisfied that any representations such as the law could notice, were made, or if any such were made, that they were not true. The apparent defect in complainant's title at the time he sold to defendants, was caused by a failure to record a deed executed February 21st, 1857, by James M. Stoddard and wife to Martin P. Crompton, through whom complainant claimed title. This however did not divest him of his title to the lands. A person may have an undoubted title to lands although one or more of the conveyances through and by which he acquired his title have not been recorded. It does not appear that any claim has been made by any person against these defendants or those through whom they claim title, under the sale for delinquent taxes for 1856, and after such a lapse of time and no claim made, we think these defendants have no right, so long as they remain in the peaceable possession of the premises, to set up such a conveyance as a defense in this case. If a claim, such as is made in this case, can be set up as a defense upon the foreclosure of a mortgage, or as an equitable set-off, it should not only be satisfactorily proven but the amount to be deducted should be certain. If there was a valid subsisting mortgage sought to be enforced against the premises, the amount thereof might, perhaps, in a case of this kind, be deducted from the amount of the complain-

ant's claim, in order to prevent circuity of action, rather than compel the defendants to resort to their remedy at law upon the covenants in their deed, but such is not the present case. Defendants claim the right "to detain the purchase money to the extent to which they would be entitled to recover damages upon the covenants," and that they are not obliged to restore possession to their vendors before making such a defense. This cannot be done in the present case. If they are entitled to any such damages they must resort to the covenants contained in their deed.

The decree must be affirmed, with costs.

The other Justices concurred.