## GALLAGHER *vs.* WITHERINGTON.

[BILL IN EQUITY BY VENDEE FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD AND DEFECT OF TITLE.]

1. *Rescission refused where parties could not be placed in statu quo.*—Where the vendee, on discovering that a portion (one-fourth) of the land purchased, including the dwelling-house and improvements, was public land, voluntarily entered it before his notes for the purchase money were due, and then insisted on a rescission of the contract, but did not offer to restore the land; and the vendor, in reply to the proposition to rescind, offered to credit the notes for the purchase money with a much larger sum than the costs and expenses of entering the land, which the purchaser refused,—*held*, that the purchaser was not entitled to a rescission of the contract, but was entitled to a credit for the costs and expenses of entering the land.

2. *Costs.*—The defendant having offered, before the filing of the bill, all the relief which the complainant obtained under the decree of the court, and the offer being refused by the complainant, *held*, that the entire costs were properly imposed on the complainant.

3. *Decree for conveyance of title, when erroneous.*—When the purchaser comes into equity to obtain a rescission of the contract, but only establishes his claim to a credit on the outstanding notes for the purchase money for the amount expended by him in entering a portion of the land, which amount is not equal to the unpaid portion of the purchase money; while the title-bond is conditioned to convey on the payment of the purchase money, he cannot have a decree for a conveyance of title.

4. *Cross bill necessary to entitle defendant to decree.*—Under a bill filed by the purchaser for a rescission of the contract, when the facts only justify a decree allowing him a credit on the unpaid notes for the purchase money, the defendant cannot, without a cross bill, have a decree in his favor for the balance of the unpaid purchase money.

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Martha Gallagher against Augustus L. Witherington, asking the rescission of a contract for the purchase of a tract of land containing one hundred and sixty acres, on account of the vendor's alleged fraud and defect of title to a portion of the land ; an injunction of a judgment on the notes for the purchase money, and general relief. All the facts of the case will be readily understood from the opinion.

WATTS, JUDGE & JACKSON, for the appellant.

F. S. BLOUNT, *contra.*

WALKER, J.—Under the pleadings and proof in this case, the complainant was properly denied a rescission of the contract. The vendor, by the terms of his bond for titles, was under no obligation to make title, until the purchase money was paid. The complainant, upon discovering that forty acres of the land purchased by her was public land, entered it before the purchase money was all due, and when but a small portion of it had been paid. She did not notify her vendor, or his agent, although the latter resided in her vicinity, of the defect of title, or call upon either to supply it. The cost and expenses of entering the land did not equal the amount of purchase money then and still due. The vendor had built on the forty-acre tract, before the sale to complainant, a dwelling-house which gave to the entire tract of land its chief value. The complainant has never offered to return the land, or to restore it to the defendant ; but evidently seeks to rescind the contract and yet retain the forty acres of land, with the improvements, under the title derived from the government. The defendant, through his agent, when the complainant offered to rescind the contract,

proposed to credit her, on her notes for the purchase money, with a much larger amount than the costs and expenses of entering the land, which she refused to accept. The objections to a rescission, upon such facts, are insuperable. The defendant would not be placed in *statu quo*, and the complainant would obtain a rescission where she had sustained no injury, and after she had by her own act proceeded, with a knowledge of the defect in the title, to repair it voluntarily at an expense which the defendant was perfectly willing to reimburse.—Nance v. Elliot, 3 Iredell's Equity, 408; Cullum v. Bank, 4 Ala. 21; Griggs v. Woodruff, 14 Ala. 9; Clemens v. Loggins, 1 Ala. 622; Fitzpatrick v. Featherston, 3 Ala. 42; Duncan v. Jeter, 5 Ala. 604; Younge v. Harris, 2 Ala. 108.

The complainant, being in possession of the land, could not have obtained a credit at law for the amount which it cost to procure the title from the government; and therefore her bill was maintainable for that purpose, and the chancellor properly granted her relief to that extent.

The defendant, by his agent, offered to the complainant all the relief to which she is entitled in this case, and which she has procured. Notwithstanding this offer, she has instituted this suit. The suit was totally unnecessary, and results, not from the defendant's refusal to do what the law required him to do, but from the complainant's refusal to accept at his hands a performance of the duty imposed on him by law. The chancellor therefore did not err in imposing upon her the entire costs of the suit.—Daniell's Ch. Pl. & Pr. 1532.

By consent, the defendant has assigned errors. The court by its decree required the defendant to make a deed to the complainant. This was clearly wrong. The purchase money has not been paid. The credits for the costs and expenses of entering the land will not discharge the debt for the purchase money. The bill does not even offer to pay the purchase money. The defendant's obligation was, to make title when the purchase money should be paid. The defendant cannot be required to make title, without such payment. The bill is not for a specific performance, and is not framed with a view to procure title. The decree of the court below must therefore be reversed in this respect.

There was no error in the omission of the chancellor to

give the defendant a decree for the unpaid purchase money. The defendant could not have entitled himself to such a decree, except by cross bill, even if it be conceded that the court could have acquired jurisdiction to make such a decree in any way.

A decree must be here rendered, allowing the complainant a credit upon the unpaid purchase money for the sum of one hundred and two and 16-100 dollars, the sum reported as due to her on account of the costs and expenses of entering the land ; and this credit must be allowed as of the 19th June, 1855, up to which time the register counted the interest; and the decree of the court below is affirmed on the direct assignment of errors, and reversed on the cross-assignment, as to so much of it as requires the defendant to make to the complainant a conveyance. The complainant must pay the costs of this appeal.