J. G. GUICE, Admr. etc. *v.* W. F. SELLERS, et ux.

1. CONVEYANCE—TITLE—VENDOR AND VENDEE—CONSIDERATION.—In a case free from fraud, and in which it is not shown that the vendor is insolvent, it is no defense to an action on a promissory note given for the purchase money for the conveyance of land with general covenants of warranty, that the vendor had no title, or a defective title, to the land. In such case, the vendee's remedy is upon the covenants of warranty contained in the deed.

2. JUDGMENT—ADMINISTRATOR.—Judgment against an administrator, as such, though it does not in express words adjudge the money "to be levied of the goods and chattels of the intestate in the administrator's hand to be levied" (according to safe and well approved precedent), is, nevertheless, sufficient.

Error to the circuit court of Hinds County. WATTS, J.

In 1864, Mrs. Helen J. Kinnison, widow of Abner Kinnison, who died in 1863, made a deed of her interest in certain lands of which *her husband* died seized, to Nathaniel Kinnison, but with covenants of general warranty of the title. Nathaniel Kinnison held possession of the land under a contract of purchase from Abner Kinnison, in his life-time, and is still in possession. The consideration for this conveyance was twenty-five hundred dollars, secured by two notes of Nathaniel, for twelve hundred and fifty dollars each, one of which he paid; and Mrs. Sellers (who subsequent to this conveyance, married W. F. Sellers), with her husband, brought this suit against Guice, administrator of Nathaniel (who had died), on the note unpaid. Guice pleaded the general issue, and offered to prove on the trial that the deed of Mrs. Kinnison (now Mrs. Sellers), was given to convey her supposed right of dower, which she said she had in her first husband's estate, and that, owing to the fact that she owned separate estate of more than equal value, etc., she was not entitled to dower, and had, therefore, no interest to convey, and the note sued on was, for that reason, without consideration.

There was no offer to prove *eviction* or *fraud*. The court below excluded the evidence, and this is assigned for error in the judgment of the court below, which was for the defendants in error.

*T. Reed*, for plaintiff in error.

The errors assigned, are as follows:

1. That the court erred in refusing to allow the appellant to sustain his defense set up by his plea, and notice under it, of an entire failure of consideration. *This* was clearly erroneous: 1st. Because the plea, and notice under it, set up this defense; and if it was not a legal defense, the plaintiff below could have demurred to the plea and notice. After it was filed, and not being demurred or accepted to, it was too late to say that such defense could not be made under the pleadings. An administrator can prove, under the general issue, any matter of defense, even without notice. Rev. Code, art. 125, p. 456.

2. The consideration of the conveyance was the foundation of the defense, and the deed ought to have been admitted, for it states the consideration as twenty-five hundred dollars, in two notes of twelve hundred and fifty dollars each, one of which was the foundation of the action. The court rejected the deed "because it purported to convey real estate, and failure of consideration could not be set up without first showing an eviction." Lake v. Munford, 4 S. & M., 312; Phillips v. Burrus, 13 S. & M., 31.

3. The deed of conveyance was not properly executed, and therefore passed no estate. It bears date 6th April, 1864, and is signed Helen J. Kinnison. In 1866, after she had married Sellers, she acknowledged it as Mrs. Sellers. This is no legal acknowledgment. Rev. Code, art. 32, p. 313.

4. The third error is, that the court erred in rejecting the other evidence set out in the bill of exceptions offered by plaintiff in error. He proposed to show that plaintiff below had obtained the note under a false representation; that she was entitled to a dower in the lands of her late husband, when she, in fact, had none. 1 Story's Eq., §§ 191 to 197.

There was evidence offered to show that, on the death of her late husband, she owned separate estate of value equal to that owned by him. Rev. Code, art. 30, p. 339.

There was evidence offered to show that the lands were the

separate property of her late husband, and that he had, for a valuable consideration, conveyed them to said Nathaniel Kinnison. All of which was rejected. Rev. Code, art. 162, p. 467.

5. The fourth error is, that the judgment was general against the plaintiff in error, whereas it should have been specific—*de bonis testatoris*. The record shows this fact, and it is good cause for reversal. Breckinridge v. Melton, 1 How., 273 ; 4 How., 31 ; 2 S. & M., 541 ; Barringer v. Boyd, 27 Miss., 473 ; Tillinghast's Forms, 190 ; Toller on Exr's, 463.

*Harris & Withers*, for defendants in error.

The deed and notes were made when Mrs. Sellers was *sole*, in 1864, after the death of her first husband, Abner Kinnison, and before her marriage with Sellers. It was valid to convey title without acknowledgment, and the subsequent acknowledgment, in 1866, though bad on its face as the acknowledgment of a married woman, does not effect the validity of the deed.

The defendant is in possession, therefore, under a deed with an express covenant of general warranty against all claims and incumbrances. The warranty is as full as it is possible to make it, except that there is no covenant of seizure.

There is, then, no breach of warranty. Mrs. Sellers is shown to be solvent, and it is plain that Nathaniel Kinnison relied, not upon her title so much as upon her warranty ; as the form of the conveyance indicates a doubtful title. Winstead v. Davis, 40 Miss., 785, and authorities there collated. No proof was offered of *fraudulent* representations, nor anything to show that the purchaser was ignorant of the title he was buying. He knew he was dealing with the widow of the man from whom he had obtained possession, under some agreement to purchase. He must be presumed to have known that dower had not been assigned of the land of which he was in possession. The representation of the widow, that she was entitled to dower, was but her opinion of the law, and given, as we must assume, without fraudulent

purpose, as none is imputed.   40 Miss., 785.   The case falls, therefore, under the settled doctrine of this court, that a purchaser in possession, with covenants of general warranty, where there was no fraud in the conveyance, and no eviction, cannot resist the payment of the purchase money.   In such cases, it is wholly immaterial whether the vendor had title or not.   Possession, with warranty of title unbroken, is sufficient consideration for the note.   Winstead v. Davis, 40 Miss., 785.

SIMRALL, J. :

The plaintiff in error was sued on a promissory note by Sellers and wife, and gave notice that under the general issue, testimony would be offered to prove that Mrs. Sellers sold and conveyed her dower, interest or title, to defendant's intestate; that she had no title to the lands, nor any dower, title or interest, and that therefore the note was void.   The defendant offered in evidence, the deed of Mrs. Sellers (then widow Kinnison), to the intestate, which deed contained general covenants of warranty, and proposed to prove that in point of fact Mrs. Sellers had no title to the lands as dowress; and the court below excluded all the proposed evidence from the jury.

And that is assigned as one of the errors of the circuit court.   The entire defense proposed to be made is disclosed in the notice with the plea.   The evidence offered covers the same ground.

It is not pretended that the intestate, who purchased from Mrs. Sellers, did not know the nature of her title, or that he was induced by her fraudulent misrepresentations, to make the purchase.

The deed offered in evidence is a conveyance of all the right, title and interest of the grantor.   For all that appears, the grantor was about to assert her claim to the lands, and the deed was accepted and the notes made, to quiet the title of the vendee, in possession, and to avoid the expense and risk of litigation.

If the intestate purchased with knowledge of the vendor's title, of whatever imperfections and infirmities pertained to it, he must rely on the covenants of the deed for his protection, there being no suggestion of a threatened disturbance of his possession, nor of insolvency. Although the acknowledgement of the deed is defective, yet the deed having been signed, sealed and delivered during her widowhood, whilst she was sole owner, is a perfectly valid conveyance.

The acknowledgement imparts no validity to the indenture, as a deed. It is one of the conditions precedent to its registration. Registration only gives notice to subsequent purchasers and creditors.

In Vick v. Percy, 7 S & M., 268, a bill was filed to rescind, on the ground of "fraud in concealment of the aspect of the title," and "insolvency of the vendor's estate." The answer denied these averments. The court laid down "the principle as fully established, that in cases free from fraud, a purchaser of land in possession, cannot have relief in chancery against his contract to pay, on mere ground of defect of title without previous eviction."

If "fraud and imposition" be practiced on the vendee, it may be reason to rescind; for fraud vitiates everything. Anderson v. Lincoln, 5 Howard, 284. Defect of title, without eviction, when the vendee was in possession, of itself, is no ground to relieve against the purchase money. Bumpas v. Platner, 1 John Ch. Rep., 213; Abbott v. Allen, 2 John Ch. Rep., 519.

Again, in Gilpin v. Smith, 11 S. & M., 129, "If the sale was not fraudulent, and there has been no eviction, the vendee must rely on the covenants in his deed." The current of decision is found uniform in our books of reports, finding its last iteration in the case of Winstead v. Davis, 40 Miss. R., 786, which was an action at law on the notes for the purchase money.

2. The second error assigned is that the judgment is informal and insufficient.

It has been the doctrine of this court since the case of

Breckinridge, adm'r, v. Mellon, adm'r, 1 How., 274, that if the judgment is against the defendant generally, when it should be against him in his representative capacity, it is error. But in this case the judgment is that the plaintiffs have, and recover from the defendant, John G. Guice, administrator of the estate of N. Kinnison, deceased, said sum of $1337 50.

Guice was sued as administrator, and the recovery was against him in that capacity. Execution *de bonis propria* could not emenate on this judgment. It would have followed the "line of safe precedent," and we would by no means encourage a departure from it, to have added: "To be levied of the goods and chattles of his intestate, N. Kinnison, in his hands to be administered, " etc. But the judgment being against him as administrator, necessarily on such judgment, the execution must go out against him as administrator, and be satisfied of the goods of his intestate.

*Let the judgment be affirmed.*