ALLEN F. RANDALL, ET AL., APPELLANTS, VS. JANE BOUR-
GUARDEZ, APPELLEE.

1. Where the mortgagor is in possession of the land mortgaged, hold‐
ing the same under a deed of conveyance with full covenant,
warranting the title, and there has been no eviction actual of
constructive, and no insolvency of, nor fraud or misrepresenta‐
tion upon the part of, the vendor is alleged by the mortgagors
such mortgagor cannot set up an outstanding title or breach or
the covenants as a defence to a bill of foreclosure brought by
the vendor for the unpaid purchase money; but in such a case
his remedy is by action at law on the broken covenant. *Coy,*
*administratrix, vs. Downie, et al., 14 Fla., 544,* an action under
the Code of Procedure of 1870, since repealed, distinguished.

2. A decree rendered against a *feme covert,* on ordinary bill of for e‐
closure, for the payment by her of the balance of the mortgage
debt which may remain unpaid after the sale of the mortgaged
premises, is a personal decree, and should be reversed.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion.

*Wall & Turman* for Appellants.

*Sparkman & Sparkman* and *H. C. Macfarlane* for Ap-
pellee.

MR. JUSTICE RANEY delivered the opinion of the court:

I. The appellee filed a bill of foreclosure of mortgage in
the Circuit Court of Hillsborough county, in May, 1886,
against the appellants, Allen F. Randall, and his wife, Mary
F. Randall, and Orlando Knapp and Clara A. Knapp, his
wife. The mortgage, which was executed by appellants to
appellee on July 28, 1885, was made to secure the balance
of the purchase money agreed to be paid for the land
covered by the mortgage, such balance being evidenced
by two promissory notes signed by each of the appellants.

The answer alleges that the land was at the death of the appellee's late husband, Constant Bourguardez, he having died September 18, 1884, used and occupied by him as his homestead, and that he left children who still survive him, and that the appellee, who claimed title to the land under a devise of the same to her by his last will and testament, had no title thereto, as a homestead was not a subject of devise under the Constitution of 1868, which was in force at the time of his death, and that the title to the land is in the children, and the appellee had at the time of the conveyance no title thereto ; that the conveyance from appellee to the appellants contains covenants warranting the title. Neither insolvency of nor fraud upon the part of the appellee is alleged.

It was held in Coy, admx., vs. Downie, 14 Fla., 544, a case under the Code of Procedure which was adopted in 1870 and repealed in 1873, that when a mortgage for purchase money is sought to be foreclosed, and the deed of the premises contained covenants, the mortgagor may resist the foreclosure by a recoupment or offset of damages for a breach of covenants to the extent of the damages sustained for a failure or partial failure of title or any other matters embraced in the covenants. The right of the mortgagor to make such defence, it is said in the opinion, " cannot be questioned." Being a code case it is sufficient to assume the correctness of the decision under that system of court procedure.

We understand the rule of Chancery to be that where the mortgagor remains in undisturbed possession of the land, which he holds under a deed of conveyance with full covenants warranting the title, and no eviction, actual or constructive, is shown, and no insolvency of nor fraud or misrepresentation upon the part of the vendor is alleged, the mortgagor cannot set up such outstanding title, or the

breach of the covenants, as a defence to the bill of foreclosure for the unpaid purchase money, for which the notes and mortgage were given, but that in all such cases, of which that now under consideration is one, the mortgagor is left to his remedy at law on the broken covenant. Patten vs. Taylor, 7 Howard, 132; Noonan vs. Lee, 2 Black, 500; Peters vs. Boman, 98 U. S., 56; Bumpus vs. Platner, 1 Johnson's Chancery Reports, 213; Abbot vs. Allen, 2 Johnson's Chancery Reports, 519; Edwards vs. Bodine, 26 John., 109; Simpson vs. Hawkins, 1 Dana, 303; Hill vs. Butler, 6 Ohio St., 207; Leggett vs. McCarty and wife, 3 Edward's Chan., 124; McLemore vs. Mobson, 20 Ala., 137; Booth vs. Ryan, 31 Wisconsin, 45; Robards vs. Cooper, 16 Ark., 288; Latham vs. Morgan & Fitz, 1 Smede's & Marshall's Chy., 611; York vs. Allen, 30 N. Y., 104; Smith vs. Fiting, 37 Mich., 148; Hile vs. Davison, 20 N. J. Eq., 228; Glenn vs. Whipple, 12 N. J. Eq., 50; Key vs. Jennings, 66 Mo., 356; Gouverneur vs. Elmendorf, 5 Johnson's Chancery Reports, 79; James vs. McKernan, 6 Johnson, 543. In Long vs. Allen, 2 Fla., 403, it was held that a want or failure of title of land for which a promissory note had been given was not a defence to an action at law on the note.

The case of Lowry vs. Hurd, 7 Minn., 356, which holds a different rule under the civil code of that State, recognizes the above as the chancery rule. See, also, 13 Wis., 525; Johnson vs. Gere, 2 Johnson's Chancery Reports, 546.

II. There is, however, one ground upon which the decree must be reversed. It adjudges that if the moneys arising from the sale of the mortgaged property shall be insufficient to pay the amount due the complainant, "the defendants, Allen F. Randall, Mary F. Randall, Orlando Knapp and Clara A. Knapp, who are personally liable for the payment of the debt secured by said mortgage, pay to the complainant the amount of such deficiency, and that the com-

plainant have execution therefor." The bill of complaint is an ordinary bill of foreclosure and prays among other things for an execution against the goods and chattels, lands and tenements of the defendants for any deficiency. This decree for any balance which may remain due after an application of the proceeds from a sale of the lands, is a personal decree against the *femes covert*, Mrs. Randall and Mrs. Knapp. A married woman cannot bind herself, either in law or equity, so as to authorize a personal judgment against her. Dollner, Potter & Co. vs. Snow *et al.*, 16 Fla., 86. It is doubtless the case that this part of the decree was a mere oversight upon the part of the Chancellor and counsel. Yet it cannot be permitted to stand.

Is not a decree for any such balance premature, anyhow, until it has been ascertained, after the sale? Chancery Rule 89, Scott vs. Russ, 21 Fla., 260.

The decree is reversed and remanded for such further proceedings as may be desired and are in conformity to the principle and practice in equity in such cases.