# Purcell *v.* Lay *et al.*, Ex'rs.

### *Bill to enforce Vendor's Lien.*

1. *Vendor and vendee; public lands; pre-emption.*—When, in a sale of lands, a portion thereof belongs to the United States, and it is afterwards agreed between the vendor and vendee that the latter should enter it and that the vendor should bear all expense in perfecting title thereto, this agreement does not infringe Rev. St. U. S., § 2290, requiring the pre-emptor to make such application for his exclusive use and benefit for actual settlement and cultivation, and neither directly nor indirectly for the use or benefit of any other person.

APPEAL from Etowah Chancery Court.
Heard before Hon. S. K. McSPADDEN.

DUNLAP & DORTCH, for appellants, cited U. S. Rev. Stat, Title Homesteads, § 2289, *et seq.;* 13 Ala. 21; 12 Ala. 667; 33 Ala. 65; 71 Ala. 236; 32 Ala. 288; 62 Ala. 421; 22 Ala. 687; 23 Ala. 676.

AIKEN & MARTIN, *contra*, cited *Gallagher v. Witherington,* 29 Ala. 420; 10 Ala. 17; 5 Ala. 604; 1 Ala. 622; 6 How. 284; 1 How. 56; 12 Ala. 667; 32 Ala. 288; 62 Ala. 421; 33 Ala. 65; *Galloway v. Finley,* 12 Peters; Copp's Land Owner, June 1882, 60; 5 Neb. 265.

SOMERVILLE, J.—The bill is one for the enforcement of a vendor's lien on land, the title of a part of which was shown never to have been in the vendor. The defendant, by cross-bill, seeks on account of this failure of title to abate the amount of the purchase-money, which was originally six hundred dollars, but had been reduced before suit to about four hundred by part payment. The point of contention

between the parties relates only to the amount of property allowable for such abatement.

It appears that the testator of the complainants, one Hollingsworth, was in possession of all this land, claiming it as his own under a warranty deed from his vendor, and believing his title to be good. Forty acres of it, however, belonged to the United States government, and after the sale of the land to the defendant Purcell, who went into possession of it, this defect of title was brought to the attention of the complainants. It was thereupon agreed between them and Purcell that the latter should enter the forty acre tract in question, which he was authorized to do under the pre-emption laws of the United States as being contiguous to the other portion of the tract, and that the complainants would reimburse him for all expenses incurred in making the title good. Purcell, pursuant to this agreement, proceeded to make the entry in strict accordance with the law, so as to be entitled to a patent from the government on proper application for it. The bill offers to reimburse him for these expenses thus incurred, which appellants insist, is all he can equitably claim. He claims, in his cross-bill, the abatement of an amount equal to the full value of the forty acre tract.

It is not denied that the rule in ordinary cases is to allow the vendee under these circumstances to abate the purchase-money only to the extent of the expenses incurred by him in making the title good.—*Jones v. Lightfoot*, 10 Ala. 17; *Clark v. Zeigler*, 79 Ala. 346, 351.

But it is contended that the agreement between the parties was, in legal effect, a contract for a sale of a pre-emption right, and therefore illegal and void as in contravention of the public land laws of the United States. We do not so construe it. The requirement of the law governing entries of this kind by pre-emptioners among other things, is, that the settler shall make affidavit that his application is made "for *his exclusive use and benefit*, and that his entry is made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use or benefit of any other person."—Revised Statutes of U. S., § 2290. The agreement does not infringe this law. The settler obtained the full and exclusive interest in the land entered by him. No one else obtained or intended to obtain any use or benefit in it of any kind whatever. The benefit which consequentially results to complainants by reason of the entry being made is not the evil prohibited by the statute, it not being an

[Powers et al. v. Andrews.]

interest or benefit in the land itself, but collateral and incidental to it. The legal effect of the agreement in question was simply *to fix the amount to be abated,* or recouped from the entire purchase-money *at a sum* to be measured by the cost of entering the land from the government. This the contracting parties had a right to do, just as they had a right to agree upon any other sum by way of recoupment or reduction. It was not, in any respect, a contract repugnant to the provisions or policy of the pre-emption laws of the general government. Contracts of this kind rest on a different principle.—*Gallagher v. Witherington,* 29 Ala. 420; *Hudson v. Milner,* 12 Ala. 667; *Cothran v. McCoy,* 33 Ala. 65; *Harkness v. Underhill,* 1 Black (U. S.) 316.

The decree of the court sustaining the demurrer to the cross-bill, and granting the relief prayed in the original bill, is free from error, and must be affirmed.