## J. Irene Adams and Thomas J. Adams, Appellants, vs. Reginald Fry, Appellee.

1. To a bill filed to foreclose a mortgage for purchase money due on real estate the mortgagor in undisturbed possession under a warranty deed from the mortgagee, with covenant that said real estate is not encumbered by any mortgage, judgment or any lien whatever, cannot set up as a defence an outstanding encumbrance or title, in the absence of any allegation of an eviction, actual or constructive, from the premises, or fraud, or insolvency on the part of the mortgagee.

2. It is error to decree a personal judgment against a married woman, or direct an execution to issue generally against her property for such deficiency of a decree as may exist after the sale of mortgaged property in foreclosure proceedings.

3. When a reference is made to a master to ascertain a fact depending upon testimony, his report should show the basis of his finding, so that the court may see the correctness of his con-

clusions, and a decree for solicitor's fees, predicated upon the report of a master, in the absence of any testimony to show what was a proper fee under the circumstances of the case, introduced either before the master or otherwise appearing in the record, will be set aside.

4. In foreclosure proceedings, though not under default, there is no rule of practice making it compulsory on a chancellor to refer a cause to a master to ascertain the amount of principal and interest due on a note, or what is the reasonable attorney fee to be allowed in a case. These are matters of mere computation or of ready ascertainment, that can usually be made and established under the supervision of the chancellor without interfering with his public duties; but if, in a case not under default, a chancellor, after adjudicating the equities between the parties, refer it to a master for his report, the proceedings before him are regulated and controlled by the rules of practice prescribed in such cases.

Appeal from the Circuit Court for Clay county.

The facts in the case are stated in the opinion of the court.

*Thos. E. Wilson* for Appellants.

*C. P. & J. C. Cooper* for Appellee.

MABRY, J.:

The appellee, Reginald Fry, instituted proceedings in equity by bill, in the Circuit Court of Clay county, Florida, in March, A. D. 1887, against the appellants, J. Irene Adams and Thos. J. Adams, to foreclose a mortgage. The mortgage was executed by appellants to appellee on the 9th day of February, A. D. 1885, on

real estate situated in said county, to secure the sum of five thousand dollars, payable in equal installments one and two years from the 31st day of January A. D. 1885, with interest from that date, at the rate of 10 *per cent. per annum.* This suit is instituted to foreclose said mortgage for the last installment maturing January 31st, A. D. 1887. The bill here is the usual one in foreclosure proceedings, with no distinguishing features from the ordinary bills filed in such cases.

Within the time prescribed by the rules of practice applicable to such cases the appellant filed an answer, to which appellee filed exceptions. The record does not reveal any disposition of said exceptions by the court, but at a subsequent date, appellants as respondents in the Circuit Court, filed an amended answer alleging substantially the same matters contained in the original answer, together with others.

The complainant below, appellee here, set the cause down for hearing upon bill and amended answer, and upon these a hearing was had and a final decree rendered in favor of appellee.

In view of this hearing the allegations of the amended answer became important in disposing of this case, as they are conceded to be true. It is herein alleged by appellants that they agreed about the first day of February, 1883, to purchase from appellee, through his agent, the land described in the mortgage sought to be foreclosed, and that upon their demand, as a prerequisite to said purchase, said agent agreed to furnish them a clear abstract of title to said land; that

on the 18th day of February, A. D. 1885, appellee executed and delivered to the appellant, J. Irene Adams, a warranty deed to said land, and therein covenanted that the same at the date of said deed was unencumbered by any "mortgage, judgment, dower, limitation, or by any encumbrance whatever;" that appellants agreed to pay seven thousand dollars for said land, in three installments, as follows : Two thousand dollars cash, twenty-five hundred dollars in one year with 10 *per cent.* interest, and twenty-five hundred dollars in two years with 10 *per cent.* interest ; that they paid the cash installment of two thousand dollars, and executed notes to appellee for the others, securing the same by mortgage on said land, and that they paid the first note falling due, and aver that appellee is proceeding in this suit to foreclose the said mortgage on the second note for the purchase money of said land.

Appellants further answer that before said second note became due they discovered an unsatisfied mortgage for the sum of seven thousand dollars, covering, with other lands, the said land conveyed by appellee to said J. Irene Adams, and that said mortgage was executed by a prior grantor and predecessor through whom appellee derived his title to said land, and to the best of appellants' knowledge, information and belief, said mortgage was at the time of said conveyance to J. Irene Adams, and still remains an encumbrance and lien thereon, as shown by the records in the clerk's office of Duval county, in which, appellants

are informed said land was situated at the time of the recording of said mortgage.

The answer then proceeds to specify that the said mortgage claimed to be an encumbrance was executed by one John H. McIntosh on the 16th day of December, A. D. 1844, to one Kingsley B. Gibbs, and was recorded in the clerk's office for Duval county, Florida, on the 30th day of said month ; that said mortgage is for the sum of seven thousand dollars with interest from the 16th day of December, A. D. 1844, and has never been satisfied of record, and is now a valid and existing lien against the property so purchased by appellant, J. Irene Adams, as shown by the record in said clerk's office.

It is further alleged that the administrators of said John H. McIntosh, in the year 1853, sold the land in question to one Stephen Bryan, and the chain of title from said McIntosh through Stephen Bryan to the appellee is set out in full with the dates of the record of the various deeds constituting the same. Some of said deeds are alleged to be recorded in Duval county, and some in Clay county, and at the time of the mortgage from McIntosh to Gibbs the latter county is alleged to have been a part of the former.

Appellants further answer that they are not informed and do not know whether or not the mortgagee, Gibbs, is deceased, and if dead, whether or not he left minor heirs, and that they have no further knowledge

on the subject of said mortgage than that learned from an investigation of the records in the counties of Duval and Clay.

They further say that on discovering the condition of the title of the land conveyed to appellant, J. Irene Adams, they applied to the agent of appellee to have said encumbrance removed as a cloud upon their title, but appellee has neglected and refused, and still neglects and refuses, to take any steps to remove the same, and that appellants refused to pay him the said second note and interest until he did remove said encumbrance and cloud upon their title, believing that a court of equity would compel appellee to do so before allowing him to foreclose his said mortgage.

On the hearing, which was on the 18th day of January, 1888, the court decreed the equities of the bill in favor of appellee, and referred the case to a special master to compute and report the sum due on the note attached to the bill, and also a reasonable amount for solicitor's fee, as provided in the mortgage, under the rules and practice of the court. The special master reported to the judge at chambers on the 20th of said month, a sum as due for principal and interest on said note, and also an amount as solicitor's fee for foreclosing the mortgage.

On the 6th day of February, 1888, a final decree, based upon the bill, amended answer and report of the special master, was filed in the office of the Clerk of the

Circuit Court of Clay county, Florida. The report of said master was also filed in said office that day. The final decree confirms the report of the master, and adjudges that the respondents, within ten days from date, pay the said sum ascertained by the master to be due, with interest, the amount reported for solicitor's fees and costs of court to be taxed by the clerk, and in default, that said mortgaged premises be sold at public auction by a master named and appointed for that purpose. After directing the disbursement of the funds arising from said sale, and in the event of a surplus, that it be reported to the court, the decree further adjudges "that the defendants be not dismissed until the said debt, principal and interest, and said solicitor's fees, and all costs and expenses of foreclosure be paid, and execution to issue against said defendants' goods and chattels, lands and tenements generally for any balance of mortgage debt, fees and costs as aforesaid, not paid and satisfied by the proceeds of sale of said mortgaged property."

Defendants below, J. Irene Adams and Thomas J. Adams, appeal from the decree of the court, and in their petition of appeal assign the following: First, the decree of the court is erroneous; second, the decree of the court should have found the equities of the case with the defendants, and not with complainant; third, the master's report should have been allowed to lie for thirty days, as required by the rules of the court; fourth, there was no opportunity given to take exceptions to the master's report; fifth, there was no notice given of any hearing before the master.

The first and second assignments of error may be considered together. Appellants here contend that the chancellor should have decreed the equities of the bill with them, and not with the appellee. The defense upon which they rely under these assignments is, that the wife, J. Irene Adams, obtained the land which is the subject of this foreclosure proceeding from the appellee by a warranty deed with covenant that said land was not "encumbered by any mortgage, judgment, dower, limitation, or by any encumbrances whatsoever," and that there is upon the records of Duval county, Florida, an uncancelled mortgage covering the land in question, together with other property, to secure the sum of seven thousand dollars. They contend that as this proceeding is to foreclose a mortgage on said land for the last installment of purchase money, a court of chancery should not lend its aid to the appellee until he has removed said encumbrances as a cloud upon their title. That although said mortgage is recorded in Duval county, yet at the time of its record, Clay county, in which said land is now situated, was a part of Duval county, and although appellants have no other information in reference to said mortgage than that derived from an examination of said records, as a matter of fact it may have been kept in existence by payments, or disability of parties in interest.

For appellee it is contended that said mortgage was never recorded in Clay county, and furthermore that it has long since become barred by statute of lim-

itation, the bond which it secured having matured some forty years before the execution of the present mortgage. It is further contended that appellants can not avail themselves of the matters set up in their said answer as a defense in the proceeding. Leaving out of consideration the contention that said mortgage is barred by limitation or not recorded in Clay county, we think there is in the last objection urged a sure foundation upon which to base our decision. The bill alleges that at the time of the execution of the mortgage to appellee, the appellant, J. Irene Adams, was seized in fee of the land described in the mortgage, and there is no contradiction of this anywhere, but, on the contrary, it is alleged in the answer that appellee executed and delivered a warranty deed to said J. Irene Adams conveying to her said lands. Their possession of the land has not been disturbed, nor have any proceedings been instituted to foreclose the said outstanding mortgage, or any demand of payment of the same made by anybody of them. No conviction, actual or constructive, from the premises is alleged, and no fraud or misrepresentation on the part of appellee in selling the land is averred, nor is there any intimation that he is insolvent. The answer distinctly alleges that the land was conveyed to J. Irene Adams by warranty deed with covenant that the same was free from all encumbrances whatever. In such a case, "it is no defense to a foreclosure suit on a purchase money mortgage that there is an outstanding title or

encumbrance.    The mortgagor is left to his remedy on the covenant.''    2 Jones on Mortgages, sec. 1500.    In Peters vs. Bowman, 98 U. S., 56, it is said:    ''It is the settled law of this court that upon a bill of foreclosure, or, as in this case, a bill to enforce a lien for the purchase money, and where there has been no fraud and no eviction, actual or constructive, the vendee, or a party in possession under him, can not controvert the title of the vendor; and that no one claiming an adverse title can be permitted to bring it forward and have it settled in that suit.    Such a bill would be multifarious and there would be a misjoinder of parties.''    It is further said:    ''The rule is founded in reason and justice.    A different result would subvert the contract of the parties and substitute for it one which they did not make.    In such cases the vendor by his covenants, if there are such, agrees upon them, and not otherwise, to be responsible for defects in the title.    If there are no covenats, he assumes no responsibility, and the other party takes the risk.    The vendee agrees to pay according to his contract, and secures payment by giving a lien upon the property.    Here it is neither expressed nor implied that he may refuse to pay and remain in possession of the premises, nor that the vendor shall be liable otherwise than according to his contract.''    This case is referred to in the decision of our own court in the case of Randall vs. Bourguardez, 23 Fla., 264; 2 South. Rep., 310, where it was held that a mortgagor in possession holding under deed with

full covenant warranting the title, and there has been no eviction, actual or constructive, and no fraud or insolvency on the part of the vendee is alleged, the defense of an outstanding title or breach of covenants can not be set up to a bill of foreclosure brought by the vendor for unpaid purchase money. There was no error on the part of the chancellor in decreeing the equities of the cause in favor of appellee.

It is apparent, however, that there is error in the decree rendered. After confirming the report of the master, the decree adjudges that the said defendants within ten days from its date pay complainant the amount reported by the master for debt, solicitor's fees and costs, and further, ''execution to issue against defendants' goods and chattels, lands and tenements generally for any balance of mortgage debt, fees and costs as aforesaid not paid and satisfied by the proceeds of sale of said mortgaged property.'' One of the defendants, J. Irene Adams, is shown by the record to be a married woman, and it is not competent to decree a personal judgment against her, or direct execution to issue generally against her property, even when a deficiency is shown after the exhaustion, by sale, of the mortgaged property. This point was decided in Randall vs. Bourguardez, *supra*.

It is further contended that the report of the master should have been filed in the clerk's office and there remain for thirty days as required by the rules of the

court, and that a failure to observe the rule in this instance deprived appellants of an opportunity to take exceptions to the master's report.   The interlocutory decree referring the cause to the master to report the sum due on the note and mortgage and a reasonable amount for solicitor's fee, was made on the 18th day of January, A. D. 1888.   The final decree recites that the master's report was submitted on the 20th day of January, A. D. 1888, but said report and the final decree were filed in the clerk's office on the 6th day of February, A. D. 1888.   It is clear that the report was not filed in the clerk's office before the final decree was rendered, nor is there anything to show that appellants had any knowledge of the making of said report before the decree was rendered.   Looking into the report we find no error in the master's computation of the amount due on the note secured by the mortgage. This amount was ascertained by a simple calculation of interest on the note which was before him.   In reference to the solicitor's fee, the master reported as follows, viz.: " I find that the solicitor's fees for foreclosing said mortgage should be fixed at three hundred dollars, should the entire amount of the mortgage debt be collected, or 10 *per cent.* of the amount collected, if a less amount than the entire sum be realized of the mortgage debt, principal and interest," he does not report any testimony as taken to establish what was a reasonable fee, nor does his finding on this point purport to be based upon any testimony before him.   The

rule requires that the evidence upon all examinations before a master shall be taken down by him or some other person by his authority, in his presence, and filed with his report. The decree of the chancellor for solicitor's fees could not be sustained in the absence of any testimony to support it. Long vs. Herrick, 26 Fla., 356; 8 South. Rep., 50. When a reference is made to a master to ascertain a fact depending upon testimony, his report should show the basis of his finding, so that the court may see the correctness of his conclusions. The report in this case did not furnish a basis for a final decree as to the solicitor's fees, as it did not appear that the amount reported was ascertained from evidence. The reference to the master was not to obtain his estimate of what was a reasonable fee, but for him to ascertain from competent testimony what was a reasonable fee under the circumstances of the case. If an exception had been taken to the report on this item, it would have been the duty of the court to have recommitted the report to the master with instructions to report the testimony upon which he based his finding. In June vs. Myers, 12 Fla., 310, it was held that when the appellate court cannot determine from the report of a master, or from the evidence in the case, the basis upon which the decree was made, it will be reversed. See also Strang vs. Allen, 44 Ill., 428. In Nims vs. Nims, 20 Fla., 204, it was said, where it appears that the report of the master is not correct or intelligible, the order of confirmation

should be vacated, and exceptions allowed to be filed. There is nothing in the report of the master, nor is there any testimony in the case from which the court can determine the correctness of the report in reference to the solicitor's fees. If the decree did not award judgment and execution against Mrs. Adams for any balance that may remain after sale of the mortgaged property, it might be reversed with direc tions that the amount of a reasonable solicitor's fee be ascertained by competent evidence, as in Long vs. Herrick, *supra*, but in view of that error a general reversal will be ordered.

In proceeding in cases like this, not under default, as is the case here, there is no rule of practice making it compulsory on a chancellor to refer a cause to a master to ascertain the amount of principal and interest due on a note, or what is a reasonable attorney's fee to be allowed in the case. These are matters of mere computation, or of ready ascertainment, that can usually be made and established under the supervision of the chancellor without interfering with his public duties, and in many cases would save to parties the fees incident to a reference. In a bill for an account where the items are few and not complicated, a reference to a master to state an account, or the statement of the account by the chancellor before or at the rendering of the decree, is not essential, there being no confusion or uncertainty in arriving at the basis of the decree or the rules regulating his decision. May vs. May, 19 Fla., 373. If, however, in a cause not under a default

a chancellor, after adjudicating the equities between the parties, refers it to a master for his report on matters specified in the reference, the proceedings before him are regulated and controlled by the rules of practice prescribed in such matters.

In view of the general reversal of the decree, it is not deemed necessary to say anything further in reference to the proceedings before the master.

The decree is reversed with directions that the chancellor ascertain, according to the rules of practice in such matters, the amount due on the note secured by the mortgage which is the subject of foreclosure in this suit, and also by proper proof a reasonable solicitor's fee for foreclosing said mortgage, and that such further proceedings be had in this cause as may be agreeable to equity.