# Vice *v.* Littlejohn.

*Bill in Equity to enforce a Vendor's Lien.*

1. *Vendor and purchaser; right to rescission of sale.*—The purchaser
of land under a deed with covenants of warranty, who has taken and
continued in possession under such purchase and conveyance, can not,
in the absence of fraud in the sale or the insolvency of the vendor, in
defense of a bill filed by the vendor to enforce his lien for the pur-
chase money, maintain a cross-bill for the rescission of the sale, on the
ground that the vendor was without title at the time of the execution
of the sale; and this is true, notwithstanding the fact that at the time
of making the sale the title to such lands was in the United States,
and that the vendee had, since such sale and conveyance, entered the
land as a homestead. The facts that the title to said land had all
along been in the United States, and that the purchaser had entered
them as a homestead, only furnish a basis for the allowance as a credit
on the purchase money of the amount paid by the purchaser in enter-
ing the land, and the reasonable expenses therein incurred.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. J. R. DOWDELL.

This suit was instituted by a bill filed by Ab. Little-
john against James H. Vice, for the purpose of enforc-
ing a vendor's lien on certain lands described in the bill.
Vice answered the bill, and asked that his answer be
taken as a cross-bill, and prayed for the rescission of the
contract of purchase. The facts of the case, as disclosed
in the record show, that in the fall of 1887, Littlejohn
sold to Vice one hundred and sixty acres of land situated
in Calhoun county, Alabama, on a credit, executed to
him a warranty deed, and put him in possession, and
that the whole of the lands sold belonged to the United
States government, never having been entered by any
person; that at the time of the sale, Littlejohn claimed
to own the lands, and that the appellant supposed that
he did own them. Vice went into the possession of the
lands under his said purchase, but sometime before the
first note matured, it was brought to his attention that
the lands he had bought belonged to the Government,
and were subject to homestead entry. Without restoring
the possession back to the appellee, Vice entered the

[Vice v. Littlejohn.]

lands, under the right of homestead, and from that time claimed the lands as his own, without offering to rescind the contract by delivering the possession back to his vendor; and after living on the lands for the required length of time, made his final proof and secured a patent to the lands. Thereafter Littlejohn filed this bill to subject the lands to the payment of the notes given by Vice.

On the final submission of the cause, the chancellor rendered a decree granting the relief prayed for, and ordered the lands sold for the payment of the amount due on the notes, after allowing Vice credit for what he paid out in money, and the reasonable value of the time he spent in perfecting his title to said lands, with the interest thereon.

From this final decree the defendant appeals, and assigns the rendition thereof as error.

S. D. G. BROTHERS, for appellant.—It was not denied in the lower court, and it is not contended here, but that the general principle of law is that, in the absence of insolvency, fraud, or some peculiar equity arising out of the circumstances, the vendee must surrender the possession back to the vendor, before he can rescind the contract.—*Bailey v. Jordan*, 32 Ala. 50; *Orendorff v. Tallman*, 90 Ala. 441; *Greenlee v. Gaines*, 13 Ala. 198; *Cullum v. Bank*, 4 Ala. 21. It is insisted in this case, that there was fraud, both in fact and in law. Whenever the effect of any particular transaction is to defraud, the law infers the intent, though there may be no evidence of a corrupt or dishonorable motive. The law declares that "every man is presumed to intend the natural and necessary consequences of his acts; and the courts must presume the intention to exist, when the consequences must necessarily follow, and will not listen to an argument against it."—*Pope v. Wilson*, 7 Ala. 694; *Wiley v. Knight*, 27 Ala. 336; *Sims v. Gaines*, 64 Ala. 392.

G. C. ELLIS, *contra*, cited *Purcell v. Log*, 84 Ala. 287; *Knight v. Turner*, 11 Ala. 636; *Magee v. McMillan*, 30 Ala. 420; *King v. Avery*, 37 Ala. 169; *Proskauer v. Peoples' Saving Bank*, 77 Ala. 259.

[Merritt, *et al.* v. Ehrman.]

McCLELLAN, J.—We find nothing in this case to take it out of the operation of the general rule that a purchaser of land who has received a deed with covenants of warranty, and who has taken and continues in possession under his purchase and said conveyance, cannot, in the absence of fraud in the sale, or the insolvency of his vendor, maintain a cross-bill for rescission of the sale on the ground that the vendor was without title, in defense of a bill filed by the vendor to enforce his lien for the purchase money. Our conclusion on the evidence is that the complainant believed at the time of the sale that he had a good title to the land, it having been in the possession of himself and those to whose possessions he succeeded for forty or fifty years under mesne conveyances, and hence that in making the sale he was not guilty of any fraud. It is not averred that the vendor is insolvent. And the fact that the title has all along been in the United States, and that since the sale and conveyance by complainant to. the respondent the latter has entered the land as a homestead does not stand in the way of the application of the general principle we have stated, but only furnishes a basis for the allowance as a credit on the purchase money of the amount paid in entering the land and reasonable expenses therein incurred.—*Gallagher v. Witherington*, 29 Ala. 420 ; *Purcell v. Log*, 84 Ala. 287.

Affirmed.

