R. J. & B. F. CAMP LUMBER COMPANY, A CORPORATION, AND CRYSTAL RIVER LUMBER COMPANY, A CORPORATION, *Appellants,* v. STATE SAVINGS BANK *et al., Appellees.*

1.  Where a mortgage is given to secure the payment of the purchase price of land conveyed and the mortgagor remains in undisputed possession of the land, which he holds under a deed of conveyance with full covenants warranting the title, and no eviction, actual or constructive, is shown, and no insolvency of nor fraud or misrepresentation upon the part of the vendor appears, the mortgagor cannot set up an outstanding title, or the breach of the covenants warranting title as a defense to a foreclosure of the mortgage for the unpaid purchase money, for which the notes and mortgage were given; but in all such cases the mortgagor has his remedy at law on the broken covenants.

2.  The endorsee for value of a negotiable note becomes the holder of the legal title and has at least the rights therein that the payee had.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Wakulla County.

The facts in the case are stated in the opinion of the court.

*A. B. Small* and *Nat R. Walker,* for Appellants;

*T. L. Clarke* and *J. A. Edmondson,* for Appellees.

PER CURIAM.—By the transcript in this cause, it appears that pursuant to an agreement made on December 19th, 1905, L. C. Yaeger and M. C. Saucer, on January 26, 1906, conveyed to the R. J. & B. F. Camp Lumber Company by warranty deed certain described lands and other property, the consideration being $60,000.00, for half of which a note payable one year after date with interest was given by the R. J. & B. F. Camp Lumber Company to the order of L. C. Yaeger and M. C. Saucer dated March 28, 1906, and a mortgage of even date was executed upon the described land and designated personal property to secure the payment of the note.

The note was endorsed in blank and delivered to the State Savings Bank before March 28, 1907. On September 23, 1907, the R. J. & B. F. Camp Lumber Company conveyed a portion of the mortgaged property to the Crystal River Lumber Company. Yaeger and Saucer began foreclosure proceedings July 23, 1907, against the R. J. & B. F. Camp Lumber Company; and on March 23, 1908, an amended bill of complaint in the foreclosure proceedings was filed wherein L. C. Yaeger, M. C. Saucer and the State Savings Bank are complainants and the R. J. & B. F. Camp Lumber Company and the Crystal River Lumber Company are defendants. Both defendants were served with a subpœna, and a demurrer to the amended bill of complaint presented by the Camp Com-

pany was overruled. The defendants in answering the
amended bill of complaint set up defenses that the State
Savings Bank holds the note merely as collateral and
has not the legal title to the note and no right to enforce
its payment, and that Yaeger and Saucer had only a half
interest in a part of the land conveyed to the R. J. &
B. F. Camp Lumber Company for which defect in the
title a credit should be allowed in the foreclosure pro-
ceedings.   Testimony was taken and a decree rendered
for the amount due on the note and for attorney fees as
provided in the mortgage.  The defendants appealed.

In the case of Randall v. Bourgardez, 23 Fla. 264, 2
South. Rep. 310, 11 Am. St. Rep. 379, the chancery rule
announced as being in force in this State is held to be
that "where the mortgagor remains in undisputed pos-
session of the land, which he holds under a deed of con-
veyance with full covenants warranting the title, and no
eviction, actual or constructive, is shown, and no insolv-
ency of nor fraud or misrepresentation upon the part of
the vendor is shown, the mortgagor cannot set up such
outstanding title, or the breach of the covenants as a
defense to the bill of foreclosure for the unpaid purchase
money, for which the notes and mortgage were given,
but in all such cases, * * * the mortgagor is left to his
remedy at law on the broken covenants."  This doctrine
has been approved in Mickler v. Reddick, 38 Fla. 341,
21 South. Rep. 286, and Adams v. Fry, 29 Fla. 318, 10
South. Rep. 559.

In this case there is no showing that the vendors are
insolvent or that the purchasers who are the mortgagors
have been evicted, or even that the title conveyed has
been questioned by other claimants, and there is no
direct and positive showing of misrepresentation or fraud
on the part of the vendors.  Possession follows the title
and the owner of a half interest is entitled to possession.

No possession of the land adverse to the vendors or the purchaser appears. The defect of title complained of appears of record and the record was accessible to the purchasers. Under these circumstances the mortgagor cannot successfully resist the foreclosure of the mortgage in a court of equity. At most the showing is that the purchaser mortgagor apprehends a defect in the title to a portion of the lands, but it has the covenants of warranty from the vendors for a good title upon which the purchaser has its remedy if it loses any of the land by an outstanding title.

By section 2964 General Statutes of 1906 it is provided that if a negotiable instrument is "payable to order it is negotiated by the endorsement of the holder contemplated by delivery."

The note given for the balance of the purchase money is a negotiable instrument and by its endorsement and delivery the State Savings Bank became the holder of the legal title thereof for value, and had at least the same rights thereunder that the payees had, therefore a decree in favor of the bank for the amount due on the note secured by the mortgage is not erroneous. See 4 Am. & Eng. Ency. Law (2nd Ed.) 252; 7 Cyc. 816; Birket v. Elward, 68 Kan. 295, 74 Pac. Rep. 1100, 1 Am. & Eng. Anno. Cas. 272, and authorities there cited.

The counsel fees awarded are provided for in the mortgage, and no error appears in allowing them.

The defendants were brought into the suit of the Savings Bank by subpœna and the bill of complaint appears to be sufficient in substance.

The decree is affirmed.

All concur, except TAYLOR, J., absent on account of illness.