EDWARD S. PAINE AND WIFE, MARY S. PAINE, *Appellants,*
v. MCDONALD R· KEMP, *Appellee.*

### Opinion filed May 3, 1919.

1. In foreclosure proceedings against a mortgagor in possession under a deed from the mortgagee with full warranty of title, the mortgagor cannot set up an outstanding title or breach of covenants as a defense to the bill to foreclose the mortgage given to secure the purchase money when there has been no actual or constructive eviction of the mortgagor or fraud or insolvency on the part of the mortgagee.

2. A stipulation in a deed of warranty that the vendor has good, rightful power and lawful authority to sell the land, although untrue, does not alone constitute fraud in the sale.

3. K. conveyed by warranty deed a tract of land to P. with covenants that the land was free from incumbrances and liens, including taxes, and that grantor was lawfully seized in fee simple. P. executed to K. a mortgage to secure the payment of the purchase price of the land. Afterward K. brought proceedings against P. to enforce the mortgage lien. *Held*, that P. who was in possession could not in the absence of fraud or in solvency on the part of K. set up as a defense that the land was not free of a lien for taxes at the time of the sale.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*Hilton S. Hampton,* for Appellants.

*John B. Sutton,* for Appellees.

ELLIS, J.—McDonald R. Kemp and wife by warranty deed dated October 20, 1916, conveyed certain lots to Mary S. Paine. The deed contained a covenant that the premises were free from all incumbrances and liens of every nature and kind whatsoever, including taxes, and that the grantors were lawfully seized in fee simple of the premises. In order to secure to the grantor the payment of part of the puchase price of the lots Mary S. Paine and her husband executed and delivered to Kemp a mortgage upon the property. The debt so secured was payable in monthly installments of thirty dollars. The mortgage also contained covenants that the premises were free and discharged from all taxes, and that the motrgagors were lawfully seized of the premises in fee simple.

The mortgagors covenanted to pay "all taxes and assessments levied or assessed on said premises" or upon the mortgage and to keep the buildings insured against damage by fire. They also agreed that in case of default in the payment of any installment or interest thereon for thirty days the mortgagee should have the right to consider the entire debt as due and payable, in which case the mortgagors should pay all costs of suit and reasonable attorneys fees.

In June 1917, McDonald Kemp began a suit to enforce the mortgage lien against Edward S. Paine and Mary S. Paine, his wife, alleging in the bill that the monthly installments due in March, Apil and May, 1917, had not

been paid and were more than thirty days past due; that the entire debt was therefore due, and prayed that the premises be sold to satisfy the demand.

The defendants answered averring that Kemp had not paid the State, county and city taxes due on the lots for the year 1916, which amounted to $51.84; that in order to prevent the property from being sold for taxes the defendants paid the same and tendered to the complainants the difference in cash in payment of the installments alleged to have been unpaid, and that upon the day after the bill was filed they deposited with the clerk of the court the sum of $68.16 in cash and the tax receipts for $51.84 as a tender of the installments due on the mortgage for the months of March, April, May and June, 1917.

Upon motion of complainants' solicitor the above defense was stricken from the answer, and the defendants appealed.

The complainants' solicitor contends that the equity rule announced by the court in Randall v. Bourgardez, 23 Fla. 264, 2 South. Rep. 310, and in Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559, Mickler v. Reddick, 38 Fla. 341, 21 South· Rep. 286, and Camp Lumber Co. v. State Sav. Bank, 59 Fla. 455, 51 South. Rep. 543, and other cases, is applicable to the case at the bar, and the Chancellor's ruling was in accordance therewith, and therefore correct.

The rule announced in the Bourgardez case and which may be deemed to be settled is, that in foreclosure suits in chancery a mortgagor in possession under a deed from the mortgagee with a full warranty or t'tle, where there has been no eviction actual or constructive, or fraud or insolvency on the part of the mortgagee, cannot set up an out-

standing title *or breach of covenants* as a defense to a bill to foreclose for unpaid purchase money.

Stipulations contained in a deed of wararnty that the vendors had a good rightful power and lawful authority to sell the land, though untrue, do not alone constitute fraud in the sale. See Mickler v. Reddick, *supra.*

In Etter v. State Bank of Florida, 76 Fla. 203, 79 South. Rep. 724, we held that where the mortgagor was not, nor had ever been in possession of the property, the rule announced in the Bourgardez case did not apply·

In the case at bar the mortgagors are in undisturbed possession of the land, they hold under a deed of conveyance with full covenants warranting the title, there has been no eviction, actual or constructive, there has been no fraud or misrepresentation upon the part of the vendor alleged, nor does it appear that he is insolvent. In such case the rule is that the mortgagor cannot set up an outstanding title, or the *breach* of the *covenants* as a defense to the bill of foreclosure for the unpaid purchase money for which the notes and the mortgage were given. In all such cases said this Court in Randall v. Bourgardez, *supra,* the mortgagor is left to his remedy at law on the broken covenant.

In the case of Adams v. Fry, *supra,* the defendants set up an outstanding mortgage upon the premises, and alleged that it was at the time of the sale to them and still was a lien upon the land, the court held that the defense was not allowable in the proceeding to foreclose.

Solicitor for appellants contends that no attack is made in this case upon the validity of the mortgage, nor upon the title to the land conveyed, but that the answer merely

attempts to set off a debt due to defendants from the complainant. Chapter 6907, Laws of Florida, 1917, allows the defendant in an answer to set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him.

The defendants counterclaim arises out of an alleged breach of covenant on the part of the grantor in the deed of conveyance and is the subject not of equity, but common law jurisdiction. But it is claimed that as a matter of equity the defendant should be allowed to deduct from the amount due, the taxes which he paid and against the lien of which the complainant covenanted, and that chancery should not lend its aid to complainant below until he removed the said incumbrance. Cases from New Jersey and Nebraska are cited in support of this doctrine, but the answer to that contention is that the ruel is otherwise in this State, and has been adhered to for many years. The case of Adams v. Fry, *supra,* holds to a doctrine contrary to that urged by appellants.

We find no error in the Chancellor's order, so it is affirmed.

All concur.