THE WAYNE REALTY & INVESTMENT COMPANY, A CORPORATION OF THE STATE OF FLORIDA, *Appellant,* v. FRANCIS S. WHITTEN AND M. K. L. WHITTEN, HIS WIFE, *Appellees.*

Division A.

Opinion Filed October 31, 1925.

1. A mortgagor in possession holding under deed with full covenant warranting the title, and where there has been no eviction, actual or constructive, or anything equivalent thereto, and no fraud or insolvency on the part of the vendor is alleged, the defense of an outstanding title or breach of covenant cannot be set up to a bill of foreclosure brought by the vendor for unpaid purchase money.

2. The allegations in this case as to litigation pending to settle the claim of adverse title, and as to insolvency of appellant are sufficient to modify the rule so stated.

An Appeal from the Circuit Court for Dade County; H. F. Atkinson, Judge.

Affirmed.

*Shutts* and *Bowen* and *John S. Benz,* for Appellant;

*Gramling* and *Clarkson,* for Appellees.

TERRELL, J.—Appellant brought suit against appellees in the Circuit Court of Dade County to foreclose a pur-

chase money mortgage. To the bill of complaint appellees filed their joint and several answer admitting the material allegations of the bill, but resisting foreclosure on the grounds that after the lands described in the bill had been purchased by appellees the State of Florida and one Henry T. Read had each laid claim thereto under the land laws of the United States, that appellant had knowledge of said claims and that appellees have continuously resisted said claims which are pending and undetermined.

Appellant filed exceptions for impertinence to certain portions of the answer relating to the claims of the State of Florida and Henry T. Read to the said lands and the litigation pending for the purpose of settling said claims. The cancellor overruled appellant's exceptions, from which order appeal was taken to this court.

It appears that the mortgagors are in possession of the premises, holding under covenant of warranty, that there has been no actual or constructive eviction and no fraud on the part of the vendee is alleged. It is alleged, however, that the vendee or mortgagee, while having been incorporated under the laws of the State of Florida, it has no office, officer, director, agent or other representative in the State on whom service can be made, and that it has no assets in the State or elsewhere except the mortgage and notes involved in this litigation.

It is well settled that a mortgagor in possession holding under deed with full covenant warranting the title and there has been no eviction, actual or constructive, or anything equivalent thereto, and no fraud or insolvency on the part of the vendor is alleged, the defense of an outstanding title or breach of covenants cannot be set up to a bill of foreclosure brought by the vendor for unpaid purchase money. Randall v. Bourgardez, 23 Fla. 264, 2 South. Rep. 310; Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559; Paine v. Kemp, 77 Fla. 531, 82 South. Rep. 53; Peters v. Bow-

man, 98 U. S. 56; 27 Cyc. 1554; 19 R. C. L. 543; 3 Jones on Mortgages (7th ed.) 70.

We think under the facts in this case, the allegations as to litigation still pending to settle the claim of adverse title on the part of the State of Florida and Henry T. Read, and as to insolvency of the appellant are sufficient in equity to arrest the foreclosure proceeding pending the final disposition of these questions, and to that extent they modify or limit the rule as above stated. Randall v. Bourgardez, *supra;* Adams v. Fry, *supra;* Vice v. Littlejohn, 116 Ala. 276, 22 South. Rep. 488; Guice v. Sellars, 43 Miss. 52; Knight v. Coleman County (Tex. Civ. App,), 51 S. W. Rep. 258; Hughes v. Hatchet, 55 Ala. 539, 19 R. C. L. 543; 3 Jones on Mortgages (7th ed.) 70.

The answer admits the mortgage in question and the amount due thereon. It offers to pay the amount equitably due when the litigation affecting the title is finally disposed of, and prays for arrest of the foreclosure proceedings pending such disposition. The decree of the chancellor was to this effect so it is affirmed.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.