Vincenzo Melillo et ux.
vs.　　　　Eq. No. 9393.
Achille Labby et al.

April 7, 1930.

BAKER, J. Several years ago the complainants purchased from the respondents a piece of property, the conveyance being made by a warranty deed containing the usual covenants. As part of the consideration, the respondents took back a second mortgage for $3000 on the property. They are now seeking to foreclose this mortgage and complainants have brought this bill to restrain the foreclosure and to rescind the sale. The grounds alleged in the bill are substantially that the title to the property is defective and that the complainants were led to make the purchase through the fraud of the respondents.

It is not disputed that at the time the sale in question was made there was a defect in the title, such defect apparently growing out of the fact that a trustee under a trust deed had made a conveyance in excess of the powers given him.

The law relating to the rights of the parties in such a situation seems reasonably well settled. In order to obtain relief a complainant must show an eviction, actual or constructive, or must prove fraud.

Rawle on Covenants, 5th ed. Sec. 372-376;

*Peters* vs. *Bowmah*, 98 U. S. 56;

*Hawthorne* vs. *Odensen*, 120 Atl. 797 (N. J.).

In this case the complainants are still in possession of the property and there has been no actual or constructive eviction. There is no suit pending between any parties to try the title. If the complainants are entitled to relief, therefore, it must be by reason of fraud.

It has been held that the insertion of the usual covenants in a warranty deed, even though not true, does not in and of itself constitute fraud in the sale.

*Paine* vs. *Kemp*, 77 Fla. 531.

The usual relief given a party in such a situation is by an action at law for damages for breach of the covenants in the deed.

The testimony presented on the issue of fraud in this case, in the opinion of the Court, falls short of showing fraud on the part of the respondents in connection with the sale of the property. In one portion of his testimony, the complainant Vincenzo Melillo says that no one told him that the title was good, that there was no talk about the title, that the parties trusted each other, and that he thought the title was good because the respondents left the morgtage on the property.

In the judgment of the Court, the recital of what happened in the City Hall at the time the papers were

passed is illuminating and of importance. It appears that the complainants employed a young attorney, who could speak their language, to talk for them and to see that the papers were in proper form. The evidence is conflicting as to whether this attorney was supposed to examine the title. Both the attorney and the complainants say he was not, although there is other testimony in the case tending to show that he may have done so. It appears, however, that before the papers were passed the respondents went out and returned with an experienced attorney. His testimony as to what took place has great weight with the Court. He testifies positively that he telephoned a title company in relation to the title and that after so doing he discussed the matter with the attorney representing the complainants, although the latter says he can not recall this. It would also appear that after this conversation the complainants' attorney had some talk with his clients, undoubtedly in relation to the matter of the title.

The respondents' attorney further testified that after the matter had been considered, both parties wanted to go through with the sale, but that at no time. was any statement made to the complainants that the title was good, and it was understood that the sale was made at the risk of all the parties.

After giving all the evidence careful consideration, the Court finds that it appears beyond question that the complainants, at the time the deed was passed, had knowledge that there was some defect or trouble connected with the title, and that the preponderance of the testimony shows that no fraud was practised by the respondents in connection with the sale.

The complainants have cited to the Court for its consideration several cases which have been examined. Most of these appear to be actions at law to recover damages based on deceit. It is quite obvious that a party can bring his action at law in this form if he prefers, rather than by suit on the covenants in the conveyance. These cases, however, do not support the theory of the complainants that they can bring their bill in equity for rescission.

The respondents also urge by way of defence to the bill that they have removed the defect in question by proper proceedings brought in this Court. It is not disputed by the complainants that certain steps have been taken to clear the title. In view of the finding of the Court, however, that the complainants have failed to prove fraud or an eviction, it becomes unnecessary to pass upon the issue as to whether the defect in the title has actually been removed.

The prayers of the bill are denied and the bill is dismissed.

For complainants: Knauer & Fowler.

For respondents: Raymond J. Dubee.