## ADIN A. GOLDSMITH v. WILLIAM H. WIX.

43  573|
58  224|

FILED JANUARY 17, 1895.   No. 5741.

Transcript for Review.   Goldsmith sued Wix in the county court and procured the issuance of an attachment.   The county court on motion of Wix dissolved the attachment, and Goldsmith prosecuted a proceeding in error to the district court to reverse the action of the county court.   The district court sustained the judgment of the county court and Goldsmith brought

the ruling of the district court here on error. The record brought
here did not contain the petition, nor the affidavit for attach-
ment, nor the motion made to discharge the same, filed in the
county court, nor the judgment of the county court discharging
such attachment. *Held*, This court could not review the ruling
of the district court. (*Garneau v. Omaha Printing Co.*, 42 Neb.,
847.)

ERROR from the district court of Douglas county. Tried
below before KEYSOR, J.

*Fowler & McNamara* and *H. W. Pennock*, for plaintiff
in error.

*S. R. Rush* and *I. C. Bachelor*, contra.

RAGAN, C.

From the briefs filed here in this case it appears that one
Adin A. Goldsmith brought a suit against William H.
Wix before a justice of the peace in Douglas county and
procured an attachment to be issued at the same time by
said justice in said action; that the justice afterwards dis-
charged the attachment on motion of Wix, and that there-
upon Goldsmith dismissed his suit without prejudice; that
Goldsmith subsequent to that time brought another suit in
the county court of Douglas county against Wix, and pro-
cured an order of attachment in that suit; that this attach-
ment was by the county court discharged on the motion of
Wix; and thereupon Goldsmith prosecuted error proceed-
ings to the district court from the order of the county court
discharging the attachment. The district court sustained
the rulings of the county court in discharging the attach-
ment of Goldsmith, and he has attempted to bring the rul-
ing of the district court here by a proceeding in error.

We do not know what was before the district court, but
the record brought here does not contain the petition filed
by Goldsmith against Wix in the county court, nor the
affidavit for an attachment filed in the county court by

Goldsmith, the motion to discharge such attachment, nor the judgment of the county court discharging the attachment. In order to enable the district court to review, on error, the rulings of the county court, it was necessary that there should be before the district court the judgment pronounced by the county court, and the petition, affidavit for attachment, and the motion to discharge the same, filed in the case in the county court (*Garneau v. Omaha Printing Co.*, 42 Neb., 847); and the plaintiff in error must bring here a transcript of the record reviewed by the district court to enable this court to review its action. It follows that the judgment of the district court must be and is

AFFIRMED.