GEORGE V. BROWN, APPELLEE, v. MARY A. JOHNSON ET AL., APPELLEES, AND CLARK & LEONARD INVESTMENT COMPANY, APPELLANT.

FILED MARCH 8, 1899. No. 8767.

1. **Review: RULING ON MOTION: TRANSCRIPT.** The appellate court cannot consider a ruling made by the court below on a motion, where such motion is not included in the transcript.

2. **Mortgage Foreclosures: DECREE: DEFICIENCY JUDGMENT.** In a suit to foreclose a real estate mortgage the failure of the court in rendering its decree of foreclosure to determine the issue tendered as to the liability of one of the defendants for a deficiency judgment does render the decree interlocutory, or erroneous, or invalidate the sale made thereunder.

3. ———: ———: ———. The liability for a judgment in deficiency may be litigated after the coming in of the report of sale.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*S. L. Geisthardt,* for appellant.

*Abbott, Selleck & Lane,* contra.

NORVAL, J.

This is an appeal by the Clark & Leonard Investment Company from an order confirming the sale of real estate made under a decree of foreclosure. The suit was instituted by George V. Brown to foreclose a real estate mortgage executed by Mary A. Johnson and Peter I. Johnson to the Clark & Leonard Investment Company. to secure the payment of $700 and interest, and by the mortgagee assigned to plaintiff. The Johnsons, John H. McClay,

Hiram D. Upton, and the mortgagee were made defendants. The issue tendered to the investment company by the petition of plaintiff was based upon the alleged contract of guaranty by it of the payment and collection of the mortgage debt. The prayer of the petition included a demand for a deficiency judgment against the mortgagee and the Johnsons. On November 9, 1895, the investment company filed a motion for security for costs on the ground that plaintiff was a non-resident of the state. Separate demurrers were interposed to the petition by McClay and the Johnsons, which the court overruled on December 16, 1895. Two days later, and while said motion for security for costs was on file and undetermined, the defendants were adjudged in default and a decree of foreclosure was entered for the amount found due, and it was further adjudged that the investment company was liable to the plaintiff for whatever deficiency might exist after the sale of the mortgaged premises. On February 5, 1896, an order of sale was issued on the decree, and on the same day the investment company moved for a vacation of said decree, because the same was irregularly and prematurely entered upon the pretended default of said moving defendant while in fact it was not in default, and the motion for security for costs was pending and undetermined and before the cause stood for trial. Upon the hearing of this motion the decree was vacated and set aside, so far as the same affected the investment company only, and an application to recall the order of sale herein was denied. The property was sold by the sheriff under the decree, and the investment company moved the vacation of the sale for the following reasons: (1.) The court erred in overruling the motion of the defendant to vacate the decree. (2.) The court erred in denying the motion to recall the order of sale. (3.) The decree as modified by the court did not settle all the issues in the case. (4.) The court had no jurisdiction to sell the property under the decree. (5.) The decree was prematurely entered without the knowledge

or consent of the investment company. These objections were overruled, and the sale was approved and confirmed. It is from this order that the present appeal is prosecuted.

The first ground of the motion is not well taken, since the record shows beyond dispute that the decree of foreclosure was vacated as to the investment company for the reason assigned in the fifth objection to the confirmation of the sale, namely, that the decree was prematurely entered against it. The journal entry of the proceedings below recites that the court declined to sustain the application to recall the order of sale; but the second objection to the sale relating to that matter cannot be considered for the obvious reason no copy of the application or motion is contained in the transcript filed in this court. (*Goldsmith v. Wix*, 43 Neb. 573; *Ball v. Nelson*, 45 Neb. 205; *Lewis Investment Co. v. Boyd*, 48 Neb. 604.) Although the decree as modified did not determine all the issues involved, it did adjudicate and pass upon every issue raised as to all the defendants other than the investment company, and as to it, all matters save and except as to its liability for any deficiency remaining after the sale of the mortgaged property, and possibly the right of redemption, the determination of which questions could in no manner, as to the other defendants, affect the validity of the decree or the order of the sale of the premises to satisfy the mortgage debt. The litigation of the liability for a deficiency could be as appropriately and satisfactorily carried on, and the question adjudicated, after the sale, as prior to the rendition of the decree. The usual and better practice is not to determine the liability of a defendant in a foreclosure for a deficiency judgment until after the report of the sale, when, for the first time, it can be definitely ascertained that a deficiency actually exists. The contention is not well founded that the effect of the order of modification was to leave the previous decree of foreclosure an interlocutory order upon which no valid sale could be made. The sole effect of the sub-

sequent order, and it in express terms so provides, was to vacate the decree as to the investment company alone. The other defendants were not interested or concerned in the questions tendered it; therefore, as to the principal defendants, the original decree remained intact and was final and enforceable, and not interlocutory merely. The plaintiff might have omitted to make the investment company a party defendant, or dismiss the suit as to it, and in neither event could it be successfully asserted that the decree was not final and conclusive as to the other parties. The validity of the decree, or its finality as to them, is not affected by the fact that the issue or issues tendered to the investment company remain undetermined. It had no right to have the same litigated and adjudicated before a decree of foreclosure could be entered in the case. No rights of the investment company have been determined, taken away, or injuriously affected by the decree as modified. The order confirming the sale must be

AFFIRMED.