E. M. PUTNAM AND LINA PUTNAM, *Appellants,* v. C. C. MORGAN, *Appellee.*

1. An answer to the foreclosure of a mortgage attempting to set up defects in title to other lands bought of the mortgagee but not included in the mortgage, and failing to show paramount title in another, or eviction actual or constructive or fraud, is subject to exceptions.

2. An affidavit for a continuance of a hearing before an examiner which does not appear to have been brought to the attention of the examiner or the chancellor will not avail upon an appeal.

3. An appellate court will not falsify a record upon the unsupported statement in counsel's brief.

This case was decided by Division A.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*H. J. Spence,* for Appellants;

*J. H. Hancock,* for Appellee.

COCKRELL, J.—Upon reaching this cause in its regular order, we reversed the final decree herein because the record as then before us showed that the Barnes-Jesup Company, a necessary party had never been served, though a decree had been entered against that party. Before issuance of our mandate, we granted a rehearing and permitted a correction of the record, showing that party had been served and doing away with the basis for the order of reversal.

This is a bill to enforce a mortgage lien upon lands

lying in DeSoto County, given by the Putnams to Morgan. The Putnams filed answers attempting to set up payments for which no credit had been given and also defects in the title to the lands, for the purchase price of which the mortgage was given and exceptions to these answers were sustained. It is exceedingly difficult for us to spell out the particular portions · of the answers to which the exceptions apply owing to the difference in the pagings between the originals and the transcript, and for this reason alone we might decline the undertaking.

The specific rulings of the court upon the exceptions to the original answer enable us to see that the paragraphs therein referred to were subject to the objections urged; the attempts to set up pre-existing tax liens upon the mortgaged property are too indefinite as to time and otherwise and the averments as to outstanding title fall far short of the rules laid down in Randall v. Bourgardez, 23 Fla. 264, 2 South. Rep. 310; Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559. The amended answer was as bad or worse in that it disclosed that the supposed defects of title were as to other lands sold to the mortgagor not embraced in the mortgage and fails to show paramount title in another, or eviction, actual or constructive, or fraud. In spite of the uncertainty in the averments as to outstanding taxes and uncredited payments upon the mortgage indebtedness, the court referred these matters to a master for a report.

The report of the special master shows that due notice of the hearing was given the defendant and at the time and place named in the notice proceeded to take the testimony which is incorporated in the record and supports in every respect the findings of the master and the final decree based thereon.

We fail to find error in any action of the master or

court in the reception of the evidence without the presence of the solicitor for the defendants.   There is copied into the transcript   an affidavit of a physician   that the daughter of the solicitor was ill about the time set for the hearing, but this affidavit does not appear to have been called to the attention of master or court, though the report was filed more than thirty days before brought to the chancellor for final action, and within the time allowed by rule for petition for rehearing an appeal is taken without requesting the court to correct its record if it depart from verity.   Upon the unsupported statement in counsel's brief we are not permitted to falsify that record.

The errors assigned cannot be sustained and the decree is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.