SAMUEL H. ETTER, *Appellant, v.* STATE BANK OF FLORIDA, *Appellee.*

Opinion filed August 9, 1918.

1. The entry of deficiency judgments against the mortgagee or one liable for the debt in foreclosure proceedings is a power exercised by the Courts of Equity in this State under Rule No. 89 of Circuit Courts in Equity Actions.

2. As between the parties to the suit the sum for which the mortgaged premises were sold must, so long as the sale stands, be taken as the conclusive test of their value.

3. Any defense that may be offered to a decree of foreclosure or against a personal decree for the debt should be presented in due course during the proceedings, or sufficient reason given for not doing so.

4. Where the mortgagor is not in possession nor has ever been in possession of the land mortgaged to secure the purchase money he may set up the outstanding title as a defense to a bill to foreclose brought by the vendor for the unpaid purchase money.

5. An objection by the mortgagor to the entry of a deficiency judgment against him in a foreclosure proceeding brought by the vendor of the land for the purchase money may rest upon the failure of consideration for the mortgaged debt when it appears that the facts constituting the defense were not known to the mortgagor in time to present the defense in the regular course of procedure, and that he used due diligence in presenting the same.

Appeal from Circuit Court for Duval County, George Couper Gibbs, Judge.

Decree reversed.

*Cromwell Gibbons,* for Appellant;

*Richard P. Daniel,* for Appellee.

ELLIS, J.—This is an appeal from a decree confirming the master's report of a sale of property made under a decree confirming the master's report of a sale of property made under a decree of foreclosure and awarding a

deficiency judgment against the defendant below in favor of the complainant bank.

In July, 1915, the State Bank of Florida exhibited its bill in chancery against Samuel H. Etter and others to enforce a mortgage lien upon two lots or parcels of land located in Jacksonville, Duval County, Florida. It was alleged that Samuel H. Etter, hereinafter referred to as the appellant, being indebted to the complainant bank executed and delivered his promissory note to the bank for the amount of the indebtedness and on the same day in order to secure the payment of the note executed and delivered to the bank a mortgage upon the two lots mentioned. That the mortgage was duly recorded in the public records of Duval County; that the indebtedness became due in October, 1910, but that the defendant Etter had failed to pay the same or interest upon the note since its maturity. It was also alleged that in May, 1910, Etter and wife conveyed the mortgaged property to Louis H. Mattair. The bill prayed that the property might be sold and the proceeds of the sale be applied to the payment of the indebtedness, interest, attorneys' fees and court costs, and for a deficiency, judgment against Etter in the event the property described should not sell for enough money to pay the indebtedness, interest and charges.

In February, 1916, a decree of foreclosure was entered, which adjudged the equities to be with the complainant, adjudged the amount due from Etter to the complainant for principal, interest, attorneys' fees, costs and charges, decreed that the same be paid within a certain time and in default thereof that the mortgaged property described in the bill be sold for cash and the proceeds of such sale be applied to the indebtedness men-

tioned.  A special master was appointed to execute the decre.

It appears that the mortgaged property was sold under this decree in April, 1916, and Samuel H. Etter bid the highest price therefor, but failing to pay the master the amount which he had bidden for the property, the sale was vacated and set aside by decree made in August, 1916, and another sale ordered to be made, the amount of the indebtedness ascertained and Etter was decreed to pay the same to the complainant forthwith.

In September, 1916, the master made his report, that the property was again sold in September, 1916; that the complainant became the purchaser at the same price which Etter had bidden therefor at the sale in April before, that the money had been paid over to the master who had applied it as the court had directed, which left a balance due to the complainant of twenty-four hundred and nineteen dollars and eighty-four cents.

To this report the defendant Etter filed objections, the substance of which is that the title to one of the parcels or lots of land is defective, that the lot was not in defendant's possession, that the property came through the agency of the complainant, *viz*: the president of the complainant bank, that because of the defective title to one of the lots the property did not sell for its fair value, that complainant knew of the defect in title before the decree of August, 1916, was entered, and that the defendant Etter had filed his bill of complaint against the complainant bank in August, 1916, to obtain such relief as would remedy the defective title and avoid the damage resulting from a forced sale of the property, a nominal bid for the same by the complainant and a deficiency judgment against the defendant Etter.

It is contended that under the circumstances set forth in the objections filed to the master's report the court should not have entered a defiiency judgment against the defendant in favor of the complainant.

The motion was supported by the affidavit of Etter and Richardson as to the defective title to one of the lots and its possession by strangers and by the affidavits of others as to the value of the property. An affidavit in behalf of the complainant was also filed as to the value of the property advertised and sold under the decree.

It was stated in the oral argument that upon the hearing of defendant's objections to the master's report of the sale under the decree of August, 1916, the defendant's bill for injunction and relief exhibited against the State Bank appellee in this case and referred to in the objections to the master's report was read. The chancellor by a special order directed the Clerk of the Circuit Court for Duval County to transmit to this court the said bill of complaint, exhibited by Etter and others against the bank for injunction and relief, the order indorsed upon the original bill and the amended bill.

In the conclusion at which we have arrived we have considered the bill for injunction and relief in connection with the defendant Etter's objections to the master's report. As the situation appears to us the appellant Etter is protesting against the entry of a deficiency judgment against him in this cause because he says that the title to a part of the property mortgaged by him to the bank is defective, that the property was obtained by him from the bank through its president, that the mortgage was given to secure the purchase money, that one of the lots was incorrectly described, that Etter went into possession of one of the lots conveyed, and into possession of a lot which he supposed was covered by the description

which is now claimed to be erroneous. That in 1910 Etter attempted to convey the lots to Mattair and executed a deed to him; that in 1915 the bank filed its bill against Etter to foreclose the mortgage; that the property was sold under a decree of the court in April, 1916, and Etter became the purchaser, after which he discovered the error in the description of one of the lots acquired by him from the bank through its president and failed to comply with the terms of sale. That the land described in that conveyance is occupied by strangers, except a small part of it, and is not the property of Etter, nor was it the property of Etter's grantor; that the condition of the title to this particular lot is so defective that Etter could not negotiate a loan upon it to protect his obligation due for the purchase money of it, nor would any one bid for the same at a public sale of it any sum approximating its real or true value. That the bank was aware of this condition of things, but proceeded to obtain from the court an order vacating the sale of April, 1916, and directing another sale to be made; that such sale was made in September, 1916, and the master's report of the sale was made September, 1916; that in August, 1916, Etter filed his bill for injunction against such sale, and for other relief; that the application for injunction was denied on August 25, 1916, and on the 30th of August, 1916, by leave of the court, the bill was amended.

Such was the situation when the master's report of the second sale was filed upon which the court entered against the appellant here a deficiency judgment in favor of the bank, and overruled Etter's objections to the report.

The entry of a deficiency judgment against a mortgagor personally liable for the debt in a foreclosure proceeding is a power exercised by the courts in this State

under Rule No. 89 of Circuit Courts in Equity Actions, which is as follows: "In suits in equity for the foreclosure of mortgages, a decree may be rendered for any balance that may be found due to the plaintiff over and above the proceeds of the sale or sales, and execution may issue for the collection of the same as is prescribed in the rule regulating the equity practice where the decree is solely for the payment of money." This power is usually conferred by statute, and in many States is exercised by the courts in foreclosure proceedings under the provisions of a statute.

In New Jersey a statute forbids the rendition of a deficiency decree in a foreclosure suit, but provides that an action at law for a deficiency may be maintained after foreclosure upon the bond accompanying the mortgage. See Pruden v. Savage, 70 N. J. L. 22, 56 Atl. Rep. 690; Toffey v. Atcheson, 42 N. J. Eq. 182, 6 Atl. Rep. 885.

In 1864 the Supreme Court of the United States, says Mr. Jones in his treatise on the law of mortgages, in order to assimilate the practice in the Circuit Courts to the general practice in the State courts, adopted a rule that in all suits in equity for the foreclosure of mortgages in the Circuit Courts, or any of the courts of the territories, a decree may be rendered for any deficiency found due after applying the proceeds of the sale. Before the adoption of the rule it had been held that such a decree could not be entered in the absence of such a rule. See Orchard v. Hughes, 1 Wall. (U. S.) 73; Connecticut Mut. Life Ins. Co. v. Tyler, 8 Biss. (U. S.) 369; Noonan v. Lee, 2 Black (U. S.) 500. The power vested in the Federal courts by the rule is a discretionary one and may be exercised or not as the court deems best. Phelps v. Loyhed, 1 Dill. (U. S.) 512.

In 1873 the Supreme Court of this State adopted the

rule above quoted, following closely the language of Rule 92 of the Supreme Court of the United States above referred to. Under the rule adopted by the Supreme Court of this State the power has been constantly exercised by the courts of chancery. The power has been conceded and the practice unquestioned, although no statute in this State expressly vests such a power in the court. See Webber v. Blanc, 39 Fla. 224, 22 South. Rep. 655; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272; Snell v. Richardson, 67 Fla. 386, 65 South. Rep. 592.

Proceeding under the rule the course usually followed is to ascertain and adjudge the amount due to the complainant or mortgagee upon the debt which the mortgage was given to secure, thereupon a report of the sale of the mortgaged premises and confirmation, the deficiency, if any, is ascertained and decreed to be paid.

The foreclosure decree fixes the amount of the mortgage debt and is a final adjudication thereof, and where a judgment for deficiency is sought no objections to the amount of the decree can be considered except such as go to its discharge and have arisen since the confirmation of the sale. See 3 Jones on Mortgages, 368.

In Nebraska it is held that if liability for a deficiency is not determined by the court in the decree for foreclosure and sale it may be litigated after the coming in of the report of sale. See Brown v. Johnson, 58 Neb. 222, 78 N. W. Rep. 515.

The rule providing for the entry of deficiency judgments in a suit in equity to foreclose a mortgage rests upon the general rule that where a court of equity obtains jurisdiction of an action, it will retain it and administer *full* relief, both legal and equitable, so far as it pertains to the same transactions or the same subject-matter. Thus the parties are relieved from the expense

and vexation of two suits, one equitable and the other legal.

As between the parties to the suit, the sum for which the mortgaged premises were sold must, so long as the sale stands, be taken as the conclusive test of their value. See 3 Jones on Mortgages, 372; Snyder v. Blair, 33 N. J. Eq. 208. Since a foreclosure proceeding is the judicial means by which certain property is subjected to the payment of a debt and in which the amount of the debt is ascertained and decreed to be paid, it follows that any defense that may be offered to a decree of foreclosure or against a personal decree for the debt should be presented in due course during the proceedings, or sufficient reason given for not doing so, and that a defense against a personal decree for the debt may be a good defense against the decree of foreclosure.

The objections offered by the defendant to the master's report, in our view, presented a good defense to the decree for a personal judgment in so far as the purchase price of the lot the title to which was defective, was concerned and the reason given for not presenting such defense in the foreclosure proceeding in due course or at the appropriate time was sufficiently explained, and due diligence was shown by Etter's bill for injunction and relief, which was presented within a reasonable time after he discovered the defect in the title.

As both suits involved the same question, namely, partial failure of consideration for the debt to the bank, we think that the chancellor should have heard the parties upon that issue before entering a deficiency judgment. Of course the burden of proof as to the bank's interest in the lot conveyed by Dr. L'Engle to Etter, and the defective title thereto, is upon Etter. How he will estab-

lish the fact is another question, but it is one of evidence. He should nevertheless be heard upon it.

It is perfectly clear that if Mr. Etter purchased the lot from the bank through Dr. L'Engle and there was an error in the description so that he acquired no title to the property described, he should be allowed a credit upon the debt due the bank to the amount of the value of that lot less the reasonable value of the lot he actually took possession of and enjoyed if the latter property was the property of either Dr. L'Engle or the bank, because the mortgage from Etter to the bank was for the purchase money of the lot so he alleges, and he was not, nor had he ever been, in possession of the property.

In this particular case at bar is differentiated from the cases of Randall v. Bourgardez, 23 Fla. 264, 2 South. Rep. 310; Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559; Mickler v. Reddick, 38 Fla. 341, 21 South. Rep. 286; Putnam v. Morgan, 57 Fla. 503, 48 South. Rep. 629, and Camp Lumber Co. v. State Sav. Bank, 59 Fla. 455, 51 South. Rep. 543.

If Etter was in possession of the property and the defect in the title was a defect appearing merely of record and he only anticipated an eviction, and he held by warranty deed from the bank or Dr. L'Engle as the bank's agent, in such case the defendant Etter would have his remedy at law in case of an eviction, and the defense would not be allowable in the foreclosure proceeding in the absence of fraud, insolvency or misrepresentation on the part of the bank or Dr. L'Engle. No fraud, insolvency or misrepresentation is claimed by Etter to have been perpetrated upon him either by Dr. L'Engle or the bank, but he claims that due to an error in the description of the lot a parcel of land was attempted to be conveyed to him and which he mortgaged for the purchase

price, but of which he has never had and does not now have the possession except a small part, the remainder being held in actual adverse possession by others.

The decree appealed from is reversed, with directions to proceed in accordance with the views expressed in this opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.