Jacksonville L. and Ins. Co. v. Nat'l Mer. R: and I. Co.—Opinion of Court.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, JJ., concur.

WEST, J., disqualified.

———————

THE JACKSONVILLE LOAN AND INSURANCE COMPANY, A COR-
PORATION, *Appellant,* v. NATIONAL MERCANTILE REALTY
AND IMPROVEMENT COMPANY, A CORPORATION, *Appellee.*

Opinion filed June 9, 1919.

The price bid at a sale under foreclosure of a mortgage, when
the sale is confirmed by the court, is, as between the part-
ies, conclusive of the value of the property sold; and after
confirmation of the sale on application for entry of a de-
ficiency decree, it is error to take testimony as to the value
of the property.

An Appeal from the Circuit for Duval County; George
Couper Gibbs, Judge.

Decree reversed.

*Axtell & Rinehart,* for Appellant.

*S. M. Mathews,* for Appellee.

BULLOCK, CIRCUIT JUDGE.—Complainant below was the
purchaser at foreclosure sale of the mortgaged property
described in two mortgages. The bill alleges that after
the making and record of the mortgages that one John S.
Flanagan purchased the mortgaged premises, subject to,
and agreed to pay, said mortgages. Thereafter defendant

purchased from Flanagan the mortgaged premises subject to and "assumed and agreed to pay" said two mortgages. A final decree of foreclosure and sale was had at which appellant purchased the mortgaged property. The special master made a report of the sale, and the Circuit Judge, on the 15th day of March, 1918, made an order wherein he said: "It is therefore ordered, adjudged and decreed that the sale as made by said special master be, and the same is hereby confirmed; that this cause is referred to the said special master of this court to take testimony and ascertain and report with all diligence the reasonable value of said mortgaged property at the time of the sale thereof by him. That so much of said motion as pertains to a deficiency decree be postponed until the filing of the said master's report." From this order appellant, complainant below, prosecuted its appeal to this court and assigned as error: (1st) The "refusing to enter a deficiency decree against the defendant;" (2nd) "Referring this cause to a special master to take testimony and ascertain and report the value of the said mortgaged property at the time of the sale thereof;" and (3rd) "Refusing the application of the complainant for a deficiency decree in this cause."

There is no order denying the application for a deficiency. The order appealed from simply postponed the application.

In the case of Etter v. State Bank of Florida, 76 Fla. 203, 79 South. Rep. 724, decided August 9th, 1918, this court held that "as between parties to the siut the sum for which the mortgaged premises were sold must, so long as the sale stands, be taken as the conclusive test of their value."

The price bid at the foreclosure sale, especially when such sale is duly confirmed by the judge, is, as between the parties, the conclusive test of the value of the property sold. If the judge is of the opinion that the amount bid at the sale was inadequate, and inequitably less than the real value of the property, he should not confirm such sale, but should order a resale of the property. That feature of the decree referring the cause to a master to take testimony as to the real value of the property sold is erroneous, and should be reversed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter ——Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein appealed from in so far as it refers the cause to a master to take testimony and the value of the poperty sold, be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.