THE PENN MUTUAL LIFE INSURANCE COMPANY v. LOUIS MOSCOVITZ.

161 So. 80.

Division B.

Opinion Filed April 17, 1935.

Rehearing Denied May 16, 1935.

*Rogers & Towers,* and *C. D. Towers,* for Plaintiff in Error;

*Sabel & Reinstine,* for Defendant in Error.

TERRELL, J.—Plaintiff in error instituted this common law action against defendant in error in the Circuit Court of Duval County, to recover the balance due on a promissory note after foreclosure. The note sued on was secured by the mortgage foreclosed and 'the proceeds of the foreclosure sale was credited on the note in reduction of the indebtedness evidenced thereby.

The defendant filed four amended pleas to the declaration to which demurrers and motion to strike was granted except as to the fourth plea. The demurrer and motion to strike the fourth plea was overruled, the plaintiff declined to amend and final judgment was entered dismissing the declaration. Writ of error is to the final judgment so entered.

The sole question with which we are confronted, is whether or not the defendant, in an action at law to recover the balance due on a promissory note after crediting the proceeds of a foreclosure thereon, is bound by the sale price of the property, he being the maker of the note and a party defendant to the foreclosure.

The fourth plea to the declaration tenders a defense on equitable grounds, said defense being in substance that the note sued on was secured by a mortgage which was duly foreclosed, that the final decree of foreclosure adjudicated the amount due plaintiff on the note to be $18,597.11, that said sum was not paid as the decree directed and the property foreclosed against was sold to the plaintiff for the sum of $14,000.00, it being the sole bidder. The sale was duly confirmed and the property was conveyed to plaintiff. The plea further alleges that the sum bid for said property was

an arbitrary amount and did not represent its fair and equitable value which it contends should have been $20,000.00, by reason whereof if plaintiff is permitted to retain said property and procure a judgment for the deficiency it will be unduly enriched.

The record discloses that the defendant had notice of the foreclosure sale, that he was entitled to and could have been present, that he had every opportunity to enhance the value of the property at the sale and to resist its confirmation if the price bid was not a fair one. He did not exercise the right accorded him and there is no charge that the sale was not fair and open or that fraud or deception was practiced on defendant.

Under such circumstances the decided weight of authority in this country supports the rule that the price bid at the foreclosure sale, especially when such sale is duly confirmed by the Judge, is, as between these parties, the conclusive test of the value of the property sold. . If the Judge is of the opinion that the amount bid at the sale was inadequate and inequitably less than the real value of the property, he should not confirm such sale, but order a resale of the property. Jacksonville Loan and Insurance Company v. National Mercantile, Realty and Improvement Co., 77 Fla. 825, 82 So. 292; Etter v. State Bank of Fla., 76 Fla. 203, 79 So. 724; Wiltsie, Mortgage Foreclosure, Section 963, 3 Jones on Mortgage, Section 2206, page 719; Howard v. McNaught, 9 Wash. 255, 37 Pac. 455; Harsen v. Day, 99 Ore. 387, 195 Pac. 344; Section 5751, Compiled General Laws of 1927 (1932 Supplement).

On careful consideration of the record we see no reason for modifying or departing from the foregoing rule in this case which appears to have been scrupulously observed. We are here confronted with a collateral attack on the sale,

it was not challenged at the time it was made and it is not contended that it was infected with fraud, deception or improper representation. To overthrow it now under such circumstances would mean no end of litigation in such cases.

The judgment below is accordingly reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.