155 So.2d 705 (1963)
Claude MATZ and Ruth S. Matz, his wife, Appellants,
v.
Stephen C. O'CONNELL and Broward National Bank of Fort Lauderdale, Florida, as Executors, etc., Appellees.
No. 3201.
District Court of Appeal of Florida. Second District.
June 12, 1963.
Rehearing Denied July 17, 1963.
*706 Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Harrison Griffin, of Kelley, Tompkins & Griffin, and C.L. Chancey, Fort Lauderdale, for appellees.
SMITH, Judge.
Claude Matz and Ruth S. Matz, his wife, appeal from a final judgment entered against them in a law action on a promissory note. Mr. and Mrs. Matz executed and delivered their promissory note for the sum of $76,230.00. The note was secured by a mortgage encumbering real property situated in Palm Beach County. After default, the holder of the note and mortgage instituted a foreclosure action in Palm Beach County, alleging that Mr. and Mrs. Matz were residents of Pennsylvania. Constructive service of process was obtained upon the Matzes in the manner provided by Chapter 48, Florida Statutes, F.S.A., but they did not appear in the foreclosure suit. A final decree of foreclosure was entered in the total sum of $86,929.16. The decree ordered the property sold by the clerk in the manner authorized by § 702.02, Florida Statutes, F.S.A. At the clerk's sale, the mortgaged property was purchased by a third party on his bid of $69,000.00. No objections were made to the sale, and the clerk issued a certificate of title to the purchaser.
After completion of the mortgage foreclosure, the holder of the note instituted the present action at law against Mr. and Mrs. Matz to recover the balance due on the promissory note. Upon the holder's death, the appellees were substituted as plaintiffs. The defendants were personally served, and after their Answer, the cause proceeded to trial without a jury. The defendants sought to introduce into evidence the testimony of expert witnesses relating to the fair market value of the mortgaged property which had been sold by the clerk in the foreclosure proceedings. Upon objection, the court refused to consider any such testimony, taking the view that § 702.02(5) Florida Statutes, F.S.A.,[1] established *707 a conclusive presumption that the value of the mortgaged property sold by the clerk was the amount bid at the sale. The court entered judgment for the plaintiffs for the amount remaining payable on the promissory note after application of the proceeds received at the mortgage foreclosure sale, together with attorneys' fees. The defendants contend that the court erred in excluding their proffered testimony. We agree.
If the court had had personal jurisdiction of the defendants in the mortgage foreclosure proceedings, then the sale price of the property at the foreclosure sale would have been conclusive as to these parties on the question of the amount remaining payable on the promissory note.[2] Section 702.02(5), Florida Statutes, F.S.A., enacted subsequent to the decisions cited, does nothing more than eliminate the necessity of a confirmation by the court of the sale where no objection thereto has been filed. Thus, by operation of the foregoing statute, where no objection is filed it is presumed conclusively that the sale price is adequate to support the title to the property in the purchaser, even without a confirmation of the sale by the court. We are not here concerned with whether the third party who purchased the property at the clerk's sale obtained unassailable title. Our specific question is whether the maker of a promissory note secured by a mortgage on realty is precluded from showing in an action at law to recover the balance due on the promissory note that, in a previous mortgage foreclosure and sale (to which proceedings the maker had been given only constructive service of process), the property sold was of greater value than the amount it brought at the mortgage foreclosure sale.
The question is answered, we believe, by determining the force and effect of a judgment obtained in an in rem proceeding. The effect of such a judgment is extensively treated in Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565, wherein it was held that:
"* * * [I]f there is no appearance of the defendant, and no service of process upon him, the case becomes in its essential nature a proceeding in rem, the only effect of which is to subject the property attached, to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding in this latter class of cases is clearly evinced by two well established propositions: first, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court, or in any other; nor can it be used as evidence in any other proceeding not affecting the attached property; nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit. Second, the court, in such a suit, cannot proceed, unless the officer finds some property of defendant on which to levy the writ of attachment. A return, that none can be found, is the end of the case and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court.
* * * * * *
"* * * Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond *708 to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability." (95 U.S. 714, 725-727.)
In considering the provisions of the Federal Constitution with reference to full faith and credit, the Supreme Court noted:
"* * * [T]he tribunals of one State have no jurisdiction over persons beyond its limits, and can inquire only into their obligations to its citizens when exercising its conceded jurisdiction over their property within its limits. * * *" (95 U.S. 714, 731.)
It was further noted that such judgments are without any binding force, except as to property or interests in property within the State, to reach and affect which was the object of the action in which the judgment was rendered, and which property was brought under control of the court in connection with the process against the person. The proceeding in such cases, though in the form of a personal action, has been uniformly treated (where personal service was not obtained and the party did not voluntarily appear) as effectual and binding merely as a proceeding in rem, and as having no operation beyond the disposition of the property or some interest therein. These principles are also well established by Florida precedent. E.g., Miller v. Griffin, 1930, 99 Fla. 976, 128 So. 416; Newton v. Bryan, 1940, 142 Fla. 14, 194 So. 282; Harris & Company Advertising, Inc. v. Republic of Cuba, Fla.App. 1961, 127 So.2d 687; Berlanti Construction Co. v. Republic of Cuba, Fla.App. 1962, 145 So.2d 256.
The question as to the force and effect of the statute and decisions with respect to the conclusiveness of the amount realized at the sale of the property, as constituting the fair value thereof, is analogous to the question of the jurisdiction and power of a court to enter a deficiency decree in a mortgage foreclosure action where only constructive service of process was obtained upon the maker of the note and mortgage. Although § 702.06, Florida Statutes, F.S.A., in effect states that in all suits for the foreclosure of mortgages the entry of a deficiency decree shall be within the sound judicial discretion of the court, such a statute may not be applied except where the court had personal jurisdiction over the person of the maker. See Irving Trust Co. v. Seltzer, 1943, 265 App.Div. 696, 40 N.Y.S.2d 451. See also Garner v. Slack, 1931, 102 Fla. 635, 136 So. 444, dictum.
There are several decisions in Florida to the effect that the price bid at the mortgage foreclosure sale is conclusive as to the value and it is error to take testimony as to the property's value upon application for entry of a deficiency decree. Etter v. State Bank of Florida, 1918, 76 Fla. 203, 79 So. 724; Jacksonville Loan and Insurance Co. v. National Mercantile Realty and Improvement Co., 1919, 77 Fla. 825, 82 So. 292; Penn Mutual Life Insurance Co. v. Moscovitz, 1935, 119 Fla. 708, 161 So. 80. However, as against these defendants, who were not personally served in the foreclosure proceedings, we cannot apply such a rule. Nor can we construe the provisions of § 702.02(5), supra, against the defendants in a mortgage foreclosure action where the court did not have personal jurisdiction of the defendants (such jurisdiction as was obtained being by constructive service). Such a construction would render the said statutory provisions unconstitutional and contrary to all well established principles of law.
We note that in a recent case[3] involving an interpretation of the above statute, Judge *709 Rawls, speaking for the First District Court of Appeal, stated:
"* * * [I]t may well be that the sale price, unless questioned within the time provided by law, is conclusively presumed to be adequate insofar as same is necessary to support the title of the property in the purchaser. However, we do not agree that the value of the property as established by a sale made pursuant to the statutory proceeding is so conclusively presumed as to bind the chancellor in the performance of his judicial duties pertaining to the entrance of a deficiency decree. * * *"
Although the foregoing precedent in Florida points toward the answer to our question, our research has not disclosed any Florida decisions squarely on point. In Stewart v. Eaton, 1939, 287 Mich. 466, 283 N.W. 651, 120 A.L.R. 1354, the court was considering the precise question, except that there was involved a mortgage foreclosure in Illinois and an action to recover the balance on the promissory note in Michigan. The court held that, due to the fact that the Illinois court did not have personal jurisdiction over the maker of the note, the Illinois foreclosure proceedings did not preclude the maker from showing (in the Michigan court) that the property was in fact worth more than it was sold for in the foreclosure action. The court noted that any other conclusion would require a finding that the Illinois court had had personal jurisdiction of the defendant. The courts of Kentucky, Tennessee and New York have held to like effect. See Combs v. Combs, 1933, 249 Ky. 155, 60 S.W.2d 368, 89 A.L.R. 1095; Brown v. P'Pool, 1942, 25 Tenn. App. 629, 166 S.W.2d 633; and Paterno v. Eagar, 1945, 270 App.Div. 178, 59 N.Y.S.2d 18.
In accordance with the general principles enumerated, we hold that the only lawful force and effect of the mortgage foreclosure proceedings was that as concerned and affected the mortgaged property, and that the mortgage foreclosure proceedings have no binding force and effect against the defendants personally. The court below should have received the testimony relating to the fair market value of the property sold in the mortgage foreclosure proceedings in determining the amount remaining due and payable by the defendants to the plaintiffs on the promissory note.
Since the judgment must be reversed, the question as to whether or not there was any evidence to the effect that the plaintiffs were obligated to pay their attorneys a reasonable fee becomes moot.
Reversed.
SHANNON, C.J., and WHITE, J., concur.
SMITH, Chief Judge.

On Petition for Rehearing
In their Petition for Rehearing the appellees brought out that this was a case heard by the court without a jury; that the plaintiffs introduced into evidence, without objection, various documents from the earlier foreclosure proceedings, which documents reflected the sale price of the property at the foreclosure sale; and that the defendants then offered the testimony of a witness as to the fair market value of the property at the time of the foreclosure. After the conclusion of that witness' testimony, the plaintiffs moved to strike such testimony upon the grounds, inter alia, that such testimony was immaterial and irrelevant; that no testimony could be introduced in the present case to show the insufficiency of the sale price in the foreclosure sale; and that the defendants should have presented such testimony in the mortgage foreclosure proceedings. According to the record, there then followed a general argument by counsel on the motion to strike, which argument was interspersed with statements by the court from time to time.
*710 Although the record does not contain a specific ruling of the court, either granting or denying the motion to strike, it obviously established the fact that the court was of the view that § 702.02(5), Florida Statutes, F.S.A., was conclusive in establishing the value of the property sold as the amount bid at the sale. The court's comments were tantamount to a determination that it would not consider the testimony of the defendants' witness.
Appellees Petition for Rehearing is denied.
SHANNON and WHITE, JJ., concur.
NOTES
[1] Section 702.02(5), Florida Statutes, F.S.A., reads as follows:

"Value of property  The value of the property sold by the clerk shall be conclusively presumed to be the amount bid therefor and for which the property was sold at the sale, unless objection thereto shall be filed in the cause within ten days after the filing of the clerk's certificate of sale. If any objections to said value be filed within such ten day period, such objections shall be considered by he court; provided, however, that the filing of objections to the value of the mortgaged property shall not in any manner affect or cloud the title of the purchaser at the sale to the mortgaged property. If no such objections be filed, the value as fixed herein shall have the same force and effect as if the court had decreed that the value of the said property was the amount bid and for which the property was sold at the foreclosure sale."
[2] See Etter v. State Bank of Florida, 1918, 76 Fla. 203, 79 So. 724; Jacksonville Loan & Insurance Co. v. National Mercantile Realty and Improvement Co., 1919, 77 Fla. 825, 82 So. 292.
[3] Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523.