186 So.2d 24 (1966)
SOUTHERN REALTY & UTILITIES CORPORATION, a Delaware Corporation Authorized to Do Business in the State of Florida, Petitioner,
v.
BELMONT MORTGAGE CORPORATION, a Florida Corporation, Respondent.
No. 34199.
Supreme Court of Florida.
April 20, 1966.
Rehearing Denied May 26, 1966.
B.C. Fuller, Miami Beach, and Fuller Warren, Miami, for petitioner.
Ward & Ward, Miami, for respondent.
*25 DREW, Justice.
The respondent was the plaintiff in a suit to foreclose a real estate mortgage for the principal balance of $441,750.00. The complaint specifically withdrew from the chancellor's consideration the question of a deficiency and reserved this matter for a subsequent action. A final decree of foreclosure was entered and the respondent purchased the mortgaged property at the foreclosure sale for $50,000.00. Before confirmation of the sale, the petitioner moved to set it aside on the ground of inadequacy of consideration. An appraisal made by a member of the M.A.I. showing the fair market value of the property to be $321,150.00 was submitted in support of this motion. The chancellor set aside the foreclosure sale and ordered a new sale of the property.
The respondent took an interlocutory appeal to the Court of Appeal, Third District, which reversed and remanded. This decision, which we are asked to review by a petition for certiorari based on alleged conflict, was reported in 172 So.2d 522.
It is apparent that conflict of the sort found in Sunad, Inc. v. City of Sarasota[1] has been clearly demonstrated by the petition for certiorari. The statement of the District Court that:
"The amount bid at a foreclosure sale does not conclusively establish the value of the property for the determination of the equities upon an application for a deficiency decree."
is the type of obiter dictum that generates conflict. It is in absolute conflict with our holding in Penn Mutual Life Insurance Co. v. Moscovitz.[2]
It should be noted that this was not a case of the chancellor's being asked to set aside a sale which he has already confirmed, which carries with it a presumption of regularity,[3] but of his refusing to confirm and ordering a new sale. It is both the right and duty of the chancellor to supervise the process in his court and to protect all the parties thereto from unfairness as well as fraud in its execution. Macfarlane v. Macfarlane.[4] Since the foreclosure sale is not complete until it is confirmed,[5] and carries no presumption of regularity, it should not take as strong a showing to justify a chancellor's exercise of his discretion to refuse confirmation as it does to set aside a confirmed sale. His discretion is broader in the one case than in the other.
The showing of inadequacy contained in the record plus the other factors appearing which indicate that respondent would be able to realize a very large deficiency judgment at law in addition to acquiring the mortgage property, justified the chancellor in setting aside the sale, and in ordering an immediate re-sale thereof.
We, therefore, quash the order of the District Court of Appeal with directions to affirm the chancellor's order.
THORNAL, C.J., and THOMAS, ROBERTS, O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] Fla. 1960, 122 So.2d 611.
[2] 1935, 119 Fla. 708, 161 So. 80: "* * * the decided weight of authority in this country supports the rule that the price bid at the foreclosure sale, especially when such sale is duly confirmed by the judge, is, as between these parties, the conclusive test of the value of the property sold. If the judge is of the opinion that the amount bid at the sale was inadequate and inequitably less than the real value of the property, he should not confirm such sale, but order a resale of the property."
[3] Mitchell v. Mason, 1918, 75 Fla. 679, 79 So. 163.
[4] 1905, 50 Fla. 570, 39 So. 995.
[5] Macfarlane v. Macfarlane, supra; Life and Cas. Ins. Co. of Tennessee v. Tumlin, 1939, 138 Fla. 447, 189 So. 406; 22 Fla.Jur., Mortgages, § 371.