208 So.2d 863 (1967)
Alan D. FULTON, Appellant,
v.
R.K. COOPER CONSTRUCTION COMPANY, Appellee.
No. 67-103.
District Court of Appeal of Florida. Third District.
December 5, 1967.
Guion T. DeLoach, Horton & Schwartz, Miami, for appellant.
Blackwell, Walker & Gray and Melvin T. Boyd, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The single question presented on this appeal is whether the price bid for property at a foreclosure sale, having been confirmed according to law, is the conclusive test of the value of the property in a subsequent action at law for the balance of the amount due on the note. This question is presented to us upon an appeal from a summary final judgment for the plaintiff. The defendant, appellant, urges that the amount confirmed at the foreclosure sale is not the conclusive test of the value of the property and relies on Bobby Jones Garden Apts. v. Connecticut Mut. L. Ins. Co., Fla.App. 1967, 202 So.2d 226.
The point presented on this appeal arose out of the following facts. Appellee was a holder of a $9500 note and mortgage executed by appellant. Upon default, foreclosure proceedings were instituted. Appellee secured a decree of foreclosure, and at the sale held by the clerk, the appellee obtained title to the subject property upon a bid of ten dollars. The sale was confirmed.
In 1964, appellee commenced a new action at law to recover upon the note itself. Appellant interposed an answer which included the defense that the property, which *864 was bought at the foreclosure action, was of considerable market value and that ten dollars was not the fair market value for the property. While the suit was pending in the circuit court awaiting resolution of the equitable defense claimed by the appellant, the appellee secured a writ of garnishment before judgment. The trial court entered an order quashing the writ of garnishment and that order was appealed to this Court. See Cooper Construction Co. v. Fulton, Fla.App. 1966, 187 So.2d 379. An examination of this memorandum opinion shows that it was affirmed upon the basis of many cases which hold that garnishment does not lie where an amount of indebtedness owing by garnishee to the judgment debtor is contingent or uncertain. Apparently, the reasoning was that the amount claimed in the garnishment proceeding was not a liquidated or certain amount because of a valid defense based upon the alleged inadequacy of the $10.00 sale price. A petition for certiorari, upon the basis of conflict with prior decisions, was denied by the Supreme Court of Florida. See R.K. Cooper Construction Co. v. Fulton, Fla. 1966, 194 So.2d 621.
Thereafter, the plaintiff, appellee, moved for summary final judgment in the trial court. Summary final judgment was entered based upon an affidavit that apart from the ten dollars received at foreclosure sale, no amount of the $9,500 had been paid. This judgment was clearly entered upon the basis that there was no issue upon the equitable defense which had previously been sustained by the court. The appellee, and apparently the lower court, relied upon Southern Realty & Utility Corp. v. Belmont Mortgage Corp., Fla. 1966, 186 So.2d 24. See also Penn. Mut. Life Ins. Co. v. Moscovitz, 119 Fla. 708, 161 So. 80 (1935).
The most recent decision upon the point appears to be that of the District Court of Appeal, Second District, in Bobby Jones Garden Apts. v. Connecticut Mut. L. Ins. Co., Fla.App. 1967, 202 So.2d 226. The opinion in that case fully considers the decisions in both the Southern Realty and the Pennsylvania Mutual Life Insurance Company cases, supra, and reaches the conclusion that the amount bid at the foreclosure sale does not conclusively establish the market value of the property for the purposes of the deficiency decree. This view of the law has been often set forth by the appellate courts of this State. See Maudo, Inc. v. Stein, Fla.App. 1965, 171 So.2d 403; cert. den. Stein v. Maudo, Inc., Fla. 1965, 179 So.2d 213; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523; Jonas v. Bar-Gam Corp., Fla.App. 1965, 170 So.2d 479.
It is possible that there is a conflict between the holding of the District Court of Appeal, Second District, and the holdings in Southern Realty & Util. Corp. v. Belmont Mtg. Corp., supra, and Penn. Mut. Life Ins. Co. v. Moscovitz, supra. If this is true, we are bound to follow the decisions of the Supreme Court of Florida. However, we think that the decision of the District Court of Appeal, Second District, considers and distinguishes the holdings in the Supreme Court of Florida cases. Therefore, we elect to follow the reasoning of that court in Bobby Jones Garden Apts. v. Connecticut Mut. L. Ins. Co., supra. We are further inclined to that view by the fact that this Court has previously established the "law of the case" in accord with this holding in Cooper Construction Co. v. Fulton, Fla.App. 1966, 187 So.2d 379. Nevertheless, to be certain that the rights of the appellee are fully protected, we will certify this cause to the Supreme Court of Florida as passing upon a question of great public interest.
Therefore, upon the basis of the matters set forth, we hold that the summary judgment was improperly entered, and that as a matter of law, the bid price paid at a foreclosure sale is not conclusive as to the market value of the property in a subsequent law action for deficiency decree upon the note.
Reversed and remanded.