392 So.2d 609 (1981)
FLAGSHIP STATE BANK OF JACKSONVILLE, a Banking Corporation, Appellant,
v.
DREW EQUIPMENT COMPANY, a Florida Corporation; Horace Drew and Betty Drew, His Wife; Horace Drew and Sherwood Drew Robinson, As Personal Representatives of the Estate of Jessie Debelle Drew, Deceased, Appellees.
No. 79-319.
District Court of Appeal of Florida, Fifth District.
January 21, 1981.
*610 Calvin E. Hayden, Jacksonville, for appellant.
William L. Coalson, Jacksonville, for appellees.
COBB, Judge.
The appellant, Flagship State Bank of Jacksonville, obtained a foreclosure judgment against the appellee mortgagors in the total amount of $604,729.40. At the foreclosure sale, the clerk sold the property to third parties, whose high bid was $440,000.00. The appellant then moved for a deficiency judgment, claiming a balance due it, after application of other credits, in the sum of $99,729.40. The trial court held a hearing on the motion and heard the testimony of two real estate appraisers, an officer of the appellant, and also "considered the appraisal report of Earl B. Miller." The trial court found that the value of the foreclosed property exceeded the debt owed to the appellant and denied the motion, citing Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977). Appellant has appealed that denial.
At the hearing, Richard M. Hamilton, a qualified appraiser, testified that in his opinion the value of the real property as of July 20, 1979, the date of public sale, was $352,000. Raymond O. Miller, a senior vice president of the appellant, testified at length as to the unsuccessful effort of one of the appellee mortgagors to sell the realty in order to discharge the mortgage loan. The appraisal report by Earl B. Miller, referred to in the order of the trial court, was dated April 4, 1979 and was not offered into evidence at the hearing. This appraisal, which evaluated the property at $846,000.00, was attached to a post-hearing motion by one of the appellees to vacate the sale because of an alleged inadequacy of the sale price. The consideration by the trial court of the Earl B. Miller appraisal was erroneous for two reasons: (1) it was not properly admitted into evidence at the hearing, Bosem v. ARA Corp., 350 So.2d 526 (Fla. 3d DCA 1977); Simpson v. Woodham, 332 So.2d 693 (Fla. 1st DCA 1976); and (2) the Earl B. Miller appraisal did not evaluate the property as of the date of sale. Symon v. Charleston Capitol Corp., 242 So.2d 765 (Fla. 4th DCA 1971).
The appellees also presented testimony at the hearings from Roy F. Smith, Jr., another qualified real estate appraiser, who evaluated the property as of the sale date at $652,000.00. The appellees argue that even if it was error for the trial court to consider the Earl B. Miller appraisal, there was ample evidence to support the order of the trial court because of the Smith appraisal. Since there is discretion vested in the trial judge by statute to grant *611 or deny a deficiency judgment,[1] contend the appellees, the trial court's finding cannot be held to be a clear abuse of that discretion, even if the Miller appraisal was improperly considered. See S/D Enterprises, Inc. v. Chase Manhattan Bank, 374 So.2d 1121, 1122 (Fla. 3d DCA 1979); Spencer v. American Advisory Corp., 338 So.2d 62 (Fla. 3d DCA 1976).
On the other hand, appellant argues that it is a gross abuse of sound judicial discretion to absolve the appellees of a debt of $99,729.40 based solely on an appraisal exceeding the amount of a bona fide public sale to independent third parties, which sale does not inure to the benefit of the mortgagor other than in the realization of the sale price to partially discharge the outstanding debt.
In order to properly analyze the conflicting positions of the parties to this appeal, an historical review of the development of the concept of deficiency judgments in this state is appropriate.
In the early days of Florida chancery courts, a mortgage foreclosure action was an equity action and the chancellor could not enter a decree for a deficiency in the absence of a statute or rule. The mortgage holder had to bring a separate action at law on the note for any deficiency. Then, in 1873, the Florida Supreme Court adopted Equity Rule 89, which provided:
In suits in equity for the foreclosure of mortgages, a decree may be rendered for any balance that may be found due to the plaintiff over and above the proceeds of the sale or sales, and execution may issue for the collection of the same as is prescribed in the rule regulating the equity practice where the decree is solely for the payment of money.
See Etter v. State Bank of Florida, 76 Fla. 203, 79 So. 724 (1918); Webber v. Blanc, 39 Fla. 224, 22 So. 655 (1897). This rule allowed equity courts a discretionary power to grant deficiency decrees so that the courts could consider the conduct of the mortgagee and decide whether he should be estopped from a deficiency. Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 So. 155 (1920).
In 1919, Florida enacted Chapter 7839, Florida Statutes (1919), that required chancellors to enter deficiency decrees. The Florida Supreme Court interpreted this statute as directory and permissive, rather than mandatory. Fagan v. Robbins, 96 Fla. 91, 117 So. 863 (1928). This meant that a deficiency decree was still subject to judicial discretion. Fagan v. Robbins, supra. However, if a chancellor did not exercise his discretionary jurisdiction to consider the issue of a deficiency, the holder could still sue on the note at law for a deficiency judgment. Coffrin v. Sayles, 128 Fla. 622, 175 So. 236 (1937); Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569 (1931).
In determining whether to enter a deficiency decree, the chancellor could consider the fact that the mortgagee purchased the property at a foreclosure sale for substantially less than the price covered by the mortgage. Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50 (1931); Taylor v. Prine, 101 Fla. 967, 132 So. 464 (1931). However, a chancellor's discretion in granting or denying a deficiency decree was not unbridled, but had to be supported by established equitable principles applied to the facts of the case. Carlson v. Becker, 45 So.2d 116 (Fla. 1950); Weinstein v. Park Manor Const. Co., 166 So.2d 842 (Fla. 2d DCA 1964); Kurkjian v. Fish Carburetor Corp., 145 So.2d 523 (Fla. 1st DCA 1962).
It had become established law prior to 1967 that if the mortgagor had notice of the foreclosure sale and could have been present to bid up the sale price, and there was no charge that the sale was unfair or that there was a fraud, then the price bid at the foreclosure sale, as between the parties, *612 was the conclusive test of the value of the property sold. Southern Realty & Utilities Corp. v. Belmont Mortgage Corp., 186 So.2d 24 (Fla. 1966); Penn Mut. Life Ins. Co. v. Moscovitz, 119 Fla. 708, 161 So. 80 (1935); Etter v. State Bank of Florida, 76 Fla. 203, 79 So. 724 (1918); Tendler v. Gottlieb, 126 So.2d 308 (Fla. 3d DCA 1961); 2 Wiltsie, Mortgage Foreclosure § 973 (1927); 3 Jones on Mortgages § 2206 (1928).
Despite the holdings of the Florida Supreme Court in Southern Realty, supra, and Penn Mut. Life, supra, two Florida district courts subsequently held that the bid price at foreclosure sale was not conclusive evidence as to the value of the property for purposes of a deficiency decree. Fulton v. R.K. Cooper Const. Co., 208 So.2d 863 (Fla. 3d DCA 1967); Bobby Jones Garden Apartments v. Connecticut Mut. Life Ins. Co., 202 So.2d 226 (Fla. 2d DCA 1967). These later cases reasoned that since the mortgagor usually bids less than the market value of the property and the fact of inadequacy of price alone would not be sufficient to set aside a sale, that it was therefore inappropriate to preclude the equitable defense of inadequate price at the deficiency hearing.[2]
The Florida Supreme Court granted certiorari review of the Fulton case. In a four to three decision, the court held that the bid price paid in a foreclosure sale conducted under Chapter 702, Florida Statutes, though such sale is final in all other respects, is not conclusive in a subsequent law action for a judgment upon the note. R.K. Cooper Const. Co. v. Fulton, 216 So.2d 11 (Fla. 1968). The facts underlying the Cooper decision are significant: In that case the mortgagee was the purchaser at sale and bid the property in for $10.00, which was clearly only a nominal bid. In the following action at law to recover upon the note itself, the obligors defended on the ground that the property had a value considerably in excess of $10.00. The Supreme Court held that when a foreclosure sale is held in accordance with statutory procedures, and title confirmed by the filing of the certificate of title without objection, then:
The value of the property as established by the sale is conclusive insofar as consideration to support title to the property in the purchaser, but the statutory automatic approval cannot bind the trial court when a suit at law is filed to enforce collection of the remaining amount due on the note. A shockingly inadequate sale price in the foreclosure proceeding can be asserted as an equitable defense and the trial judge has the discretion and duty to inquire into the reasonable and fair market value of the property sold, the adequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the sale, before entering a judgment on the note.
R.K. Cooper, supra, at 13.[3]
We do not believe there is any distinction between a deficiency judgment entered in the foreclosure action itself and one entered in a separate and subsequent action on the note insofar as it is required of the trial court to follow and consider the factors enumerated in Cooper in determining *613 whether or not to enter a deficiency judgment and the amount thereof. In the instant case, there was not a shockingly inadequate sale price as there was in Cooper; there is no contention or suggestion in the record before us of any relationship between the foreclosing mortgagee and the purchasers at sale; the sale was not fraudulent; and the price was well within reason, based on the admissible appraisals, rather than unconscionable.
We disagree with the holding of Hamilton Investment Trust v. Escambia Developers, Inc., supra, which was followed by the trial court below, that the trial judge, in the exercise of his discretion, may review the entry of a deficiency judgment solely on the basis of opinion evidence that the fair market value of the foreclosed property is greater than the price paid by a third-party purchaser at a public sale where that sale is untinged by fraud or unconscionability. We believe the Hamilton holding is a distortion of Cooper and disregards the factors enumerated in that opinion, as well as the precedents that have evolved in the law of Florida regarding deficiency judgments during the past 130 years. We agree with the Third District Court of Appeal's opinion in S/D Enterprises, Inc. v. Chase Manhattan Bank, supra, which clearly indicates that it is still the law that the granting of a deficiency judgment is the rule rather than the exception unless there are facts and circumstances creating equitable circumstances justifying the court's denial of the deficiency.
The order of the trial court denying the deficiency judgment is reversed, and this cause remanded for entry of a deficiency judgment in favor of the appellant/mortgagor, Flagship State Bank, in the amount of $99,729.40, plus any subsequently accrued interest and appropriate costs to be determined by the trial court.
REVERSED and REMANDED.
ORFINGER, J., and CLARK, HAROLD, R., Associate Judge, concur.
NOTES
[1] § 702.06, Fla. Stat. (1979) reads in part:

In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency
[2] Under the old procedure that required judicial confirmation of the sale, if the judge was of the opinion that the amount bid at the sale was inadequate and inequitably less than the real value of the property, he should not have confirmed the sale, but ordered a resale of the property. Penn Mut. Life, supra. Present statutory law does not require confirmation, but allows the sale to become final if no objections are filed. § 45.031, Fla. Stat.
[3] In 1971, section 45.031(7), Florida Statutes, was amended to reflect the Cooper decision. It now reads:

Value of property.  The amount of the bid for the property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within ten (10) days after the clerk files the certificate of sale. If timely objections to the bid are served, the objections shall be heard by the court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles.